ON MOTION FOR REHEARING
SHARP, Judge.
We grant Brown’s motion for rehearing in this case in view of State v. Rhoden, 448 So.2d 1013 (Fla.1984), and Weston v. State, *1080 452 So.2d 95 (Fla. 1st DCA 1984), and vacate our per curiam affirmance, 456 So.2d 1194 (Fla.App.1984). Brown argues the trial court erred in sentencing him as a habitual offender because it failed to make a finding that an enhanced sentence is necessary to protect the public, as is required by section 775.084(8), Fla.Stat. (1983).[1] No contemporaneous objection was made by defense counsel.
In Rhoden, the trial court failed to comply with the provisions of section 39.111(6), Florida Statutes (1981), in sentencing a juvenile defendant as an adult. The Florida Supreme Court held that a contemporaneous objection was not necessary. The language of section 39.111(6) is replete with mandatory language, similar to section 775.084(3). We cannot logically distinguish the two kinds of sentencing errors. Accordingly, we vacate Brown’s sentence and remand this ease for resentencing.
SENTENCE VACATED; REMANDED.
COBB, C.J., and DAUKSCH, J., concur.

. (3) In a separate proceeding, the court shall determine if it is necessary for the protection of the public to sentence the defendant to an extended term as provided in subsection (4) and if the defendant is an habitual felony offender or an habitual misdemeanant. The procedure shall be as follows:
(a) The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as an habitual felony offender or an habitual misdemeanant.
(b) Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
(c) Except as provided in paragraph (a), all evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
(d) Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable to the extent normally applicable to similar findings.
(e) For the purpose of identification of an habitual felony offender or an habitual misde-meanant, the court shall fingerprint the defendant pursuant to s. 921.241. (Emphasis added).
§ 775.084(3), Fla.Stat. (1983).