DELL, Judge.
Appellant pled guilty to charges of armed burglary and aggravated assault which occurred prior to the effective date of the revised sentencing guidelines. The trial court granted the State’s written motion to depart from the guidelines and sentenced appellant to four years of incarceration.
At the sentencing hearing the trial judge stated his reasons for departing from the guidelines:
Now, with respect to sentencing here, the only thing I would give the defendant benefit for is the fact he admitted his guilt here as opposed to putting the State through the task of going through a trial and the expense that would be encountered. On the other hand, the defendant did not come forward for a period of time to confess his guilt, and he does appear to have some remorse about what happened. The defendant does exhibit some remorse. That does not undo what he has done. That is always in the sentencing judge’s mind as to whether the defendant realizes what he did was wrong, whether he feels sorry for it as opposed to saying, “I don’t give a damn about it.” I will give him credit for that.
On the other hand, what took place here obviously, you know, I could just place myself in the victim’s situation, where it is 10:00 o’clock at night. She is sitting home with the baby.
Apparently, the defense attorney thought it would be in his client’s best interest, knowing if the jury listened to the facts, they would return a verdict of guilty. But I can place myself in a situation of a wife sitting at home with her infant, and all of a sudden, at 10:00 o’clock at night, someone is breaking through a glass door with a pole in his hand, and glass is breaking all over the place. The baby is crying. They run into a bedroom. She screams and he is saying he is going to kill her husband. This is like a scene out of a movie. We never expect something like that to be factual and happen to us, but unfortunately, it happened to this lady. I can empathize with her and her baby and the traumatic psychological and emotional experience this would have to them. If the husband had been home at the time, if he were home, probably he could have prevented this or curbed it before it got carried away. He is equally upset, you know, he exhibits love and concern for his wife and child. He is quite upset about what happened. So those are the facts you have to bear in mind.

The State is coming in and asking for the sentence to be aggravated in view of the long term and emotional and psychological circumstances to this victim of this crime.
Okay. I am going to sentence the defendant to a period of incarceration in the Florida State Prison of four years.
Appellant argues that the facts of this case do not provide a sufficient basis for departure from the guidelines. In Mischler v. State, 458 So.2d 37, 40 (Fla. 4th DCA 1984), we outlined some of the reasons which justify departure from the guidelines:
Clear and convincing reasons for departure have been held in Florida to include violation of probation repeated criminal convictions, crime “sprees” or “binges,” “careers” of crime, extraordinary mental or physical distress inflicted on the victim, and extreme risk to citizens and law enforcement officers. We ask ourselves: What do all these reasons have in common? The answer appears to be an excess in crime which either results in repetitive convictions, successive probation violations which decry the likelihood of rehabilitation or unusual physical or psychological trauma to the victim. To that, we now add crimes committed in a repugnant and odious manner. (Footnotes omitted).
We recognize that assault, by definition, requires a well-founded fear that violence is imminent, and that some degree of psychological trauma is already embodied in the guidelines’ recommended sentencing range for assault. However, as we stated in Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), where “[t]he facts show some *1021 thing more than a simple robbery [assault],” a trial judge may properly exercise his discretion in departing from the guidelines. Based on the facts of the case sub judice, we do not find an abuse of discretion.
Our recent decision in Boynton v. State, 10 F.L.W. 795 (Fla. 4th DCA Mar. 27, 1985), however, requires us to remand the case to the trial judge so that he may provide a written statement delineating his reasons for departure. In the event the trial judge elects not to provide a written statement, appellant must be resentenced under the guidelines in effect when he committed the crimes (December 16, 1983), and not under the amended guidelines which became effective on July 1, 1984. See Miller v. State, 468 So.2d 1018 (Fla. 4th DCA 1985)._
Accordingly, we reverse and remand this cause to the trial court with directions to either provide a written statement delineating the reasons for departure, or to resen-tence appellant.
REVERSED and REMANDED.
ANSTEAD, C.J., and WALDEN, J., concur.