473 So.2d 18 (1985)
William HEAD, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-435.
District Court of Appeal of Florida, Third District.
July 23, 1985.
*19 Bennett H. Brummer, Public Defender, and Arthur Carter, Special Asst. Public Defender, and John H. Lipinski, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henry R. Barksdale, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Defendant Head challenges the trial court's departure from the sentencing guidelines, Fla.R.Crim.P. 3.701. Defendant was convicted of aggravated battery and shooting into an occupied dwelling; in the incident giving rise to the conviction, defendant shot the victim through a door after the victim had retreated into his apartment. As a result of the shooting, the victim is paralyzed.
The trial court announced twelve reasons for imposing a sentence of two ten-year concurrent terms of imprisonment instead of the recommended guidelines sentence of thirty months to three and one-half years. Of the twelve reasons, only one justifies a departure from the guidelines, namely the psychological impact on the victim of becoming paralyzed as a result of defendant's criminal act. Because we find that only one of the twelve reasons given by the trial court is sufficient to justify departure from the sentencing guidelines, and because we cannot determine how much weight the trial court placed on the eleven impermissible reasons in departing from the guidelines, we remand the case for resentencing. Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984); Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984). As did the courts in Baker, Carney, and Young, we certify the following question to the Supreme Court as being one of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Remanded for resentencing.