481 So.2d 1271 (1986)
Perry C. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-25.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
On appellant's first appeal his sentence as an habitual offender under section 775.084, Florida Statutes (1983), was vacated because of the failure of the trial judge to make the requisite findings to support that sentence. See Brown v. State, 457 So.2d 1079 (Fla. 5th DCA 1984). On remand appellant elected to be sentenced under the sentencing guidelines and the trial court departed from the recommended guideline sentencing range. The trial judge, at the sentencing hearing, gave appellant many reasons for the decision to depart. To conform to the letter of Florida Rule of Criminal Procedure 3.701(d)(11) the trial court later filed "a written statement delineating the reasons for the departure" which listed five reasons. Appellant appeals the departure sentence. We are forced to reverse.
In Albritton v. State, 476 So.2d 158, 160 (Fla. 1985), the Florida Supreme Court held:
when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
The reasons given at the sentencing hearing included several invalid (impermissible) reasons for departure as well as some valid ones. Because in this case the trial court filed a formal written statement of reasons for departure we are willing to *1272 assume that the invalid reasons given orally at sentencing but not included in the written statement would not have affected the imposition of the departure sentence. Nevertheless, we must reverse because the written sentence also contained some invalid reasons (i.e., the defendant's "legal status at the time of offense" and his prior criminal convictions, see Hendrix v. State, 475 So.2d 1218 (Fla. 1985)) as well as one or more valid reasons (i.e., the fact that while confined the defendant made a bomb threat against the prosecutor and arresting officers).
When a sentencing judge, or anyone else, assigns multiple reasons for arriving at a decision or conclusion, in the absence of an explicit and clear statement from the decision maker that the same decision would have been reached in the absence of certain of the reasons given for it, it is difficult to envision any way for the State, or anyone other than the decision maker, to show or to know beyond a reasonable doubt the weight given or not given by the decision maker to any one of the reasons assigned for the decision.[1] This is written to assure that sentencing judges understand the impact of Albritton. There is great danger of reversible error in discussing on the record any reasons for imposing a departure sentence other than reasons absolutely vital to the making of the decision to depart.[2]
The sentence is vacated and the cause remanded for resentencing in view of Albritton and Hendrix.
REVERSED and REMANDED.
COBB, C.J., and UPCHURCH, J., concur.
NOTES
[1] See Head v. State, 473 So.2d 18 (Fla. 3d DCA 1985). "[B]ecause we cannot determine how much weight the trial court placed on the eleven impermissible reasons in departing from the guidelines, we remand the case for resentencing." Id. See also Glover v. State, 474 So.2d 886 (Fla. 1st DCA 1985); Francis v. State, 475 So.2d 1366 (Fla. 2d DCA 1985); Allen v. State, 476 So.2d 309 (Fla. 2d DCA 1985); but see Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985); Smith v. State, 479 So.2d 804, 808 (Fla. 1st DCA 1985) (permissible reasons for departure not sufficient for application of the "beyond a reasonable doubt" standard).
[2] In several cases where multiple reasons for departure are recited, the trial judge, expressly indicated that his reliance on those reasons was joint and several or otherwise indicated that he would have departed for any one of the reasons given. At a September 27, 1985 meeting, the Florida Sentencing Guidelines Commission recommended that the Committee Note to Florida Rule of Criminal Procedure 3.701(d)(11) be expanded to include the following sentence: "Where deemed appropriate, the sentencing courts may include the following language in the written statement articulating the reasons for departures: If one or more or the foregoing reasons for departure are determined, upon appellate review, to be impermissible, it would still be the decision of this court to depart from the guidelines recommended sentence, upon the basis of the remaining permissible reason or reasons, and to impose the same sentence herein announced." Letter from Leonard Holton, Director, Sentencing Guidelines Commission, to Honorable James Harold Thompson, Speaker of the House of Representatives (September 30, 1985) (recommending changes in the sentencing guidelines). However, when this committee's recommendation was presented, the supreme court declined to accept it because it "did not believe it appropriate to approve boiler plate language." See The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 481 So.2d 480 (Fla. 1985).