487 So.2d 1039 (1986)
STATE of Florida, Petitioner,
v.
Paul Joseph COTE, Respondent.
No. 67166.
Supreme Court of Florida.
April 3, 1986.
Rehearing Denied May 30, 1986.
Jim Smith, Atty. Gen. and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Anthony Calvello, Asst. Public Defender, West Palm Beach, for respondent.
ADKINS, Justice.
We have for review Cote v. State, 468 So.2d 1019 (Fla. 4th DCA 1985), which expressly and directly conflicts with prior decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We approve of the district court's decision insofar as it remands this cause to the trial court with directions to either provide a written statement delineating the reasons for departure or to resentence appellant. State v. Jackson, 478 So.2d 1054 (1985).
Due to the fact that this cause will be remanded to the trial court, we will discuss that portion of the district court opinion which holds that emotional and psychological impact on the victim may constitute a clear and convincing reason to support a departure sentence in an aggravated assault case. We find that it may not.
A court cannot use an inherent component of the crime in question to justify departure. Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985). Under Florida law, an essential element of the crime of assault and aggravated assault is that the defendant create a "well-founded fear" in the victim. § 784.011(1), 784.021, Fla. Stat. (1984). Hence the causing of fear and resulting creation of psychological trauma is by statutory definition an inherent component *1040 of the crime of aggravated assault for which Cote was convicted.
Accordingly, we approve the result reached by the district court.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.