OPINION
PER CURIAM.
Appellant raises three points on appeal, two of which merit discussion. First, appellant contends that his classification as a habitual offender was erroneous. We find that he was correctly “habitualized” because the record supports findings that: (a) the present offense was committed within five years of a prior felony conviction, (b) the appellant has not been pardoned, nor has his conviction been reversed, and (c) the enhanced sentence is necessary for the protection of the public. § 775.084, Fla.Stat. (1983).
Second, appellant argues that departure from the guidelines in his sentencing was improper. We agree that the reasons relied upon by the trial court, with the exception of appellant’s status as an habitual offender, are invalid. It is not clear beyond a reasonable doubt that the trial court would have imposed the same sentence given the one valid reason for departure. Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986). Therefore, the sentence must be reversed. Albritton v. State, 476 So.2d 158 (Fla.1985).
Reversed and remanded for resentenc-ing.