487 So.2d 1180 (1986)
Clarence SIAS III, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1524.
District Court of Appeal of Florida, Third District.
April 29, 1986.
Bennett H. Brummer, Public Defender, and Sam W. Kleinfeld, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Susan O. Hugentugler, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Appellant, Clarence Sias III, challenges his sentences for kidnapping, robbery and sexual battery without the use of a firearm. We affirm.
Appellant contends that the three reasons for departure from the sentencing guidelines: (1) excessive force, (2) psychological trauma, fear and terror to the victim and (3) that the victim was required to take a drug which could cause cancer in her unborn children (DES to prevent pregnancy) are invalid.
*1181 While we find factor one to be questionable and the state has conceded that factor three is invalid, we nonetheless hold that the sentence is affirmable in view of the psychological trauma, fear and terror inflicted upon this victim. Head v. State, 473 So.2d 18 (Fla. 3d DCA 1985). The appellant participated in a gang rape in which the victim was severely violated. Though the appellant was not convicted of using a firearm, the record reveals that the victim was subjected to threats of the use of a gun and had a cold steel barrel placed against her blindfolded head. These circumstances were properly considered in determining the trauma inflicted upon the victim. Vanover v. State, 481 So.2d 31 (Fla. 2d DCA 1985).
Psychological trauma is a valid reason for departure where it is not an inherent component of the crime, cf. State v. Cote, 487 So.2d 1039 (Fla. 1986) (psychological impact on the victim is an invalid reason for departure where defendant is convicted of aggravated assault because it is, by statutory definition, an essential element of that crime), and where the facts supporting the reason are credible and proven beyond a reasonable doubt. Hankey v. State, 485 So.2d 827 (Fla. 1986). Psychological trauma, which was proved by the evidence below is not an essential element of any of the crimes for which appellant was convicted and is therefore a valid reason to depart in this case.
In view of the trial judge's positive determination in this case that:
The court finds each of these three clear and convincing reasons in and of themselves to be sufficient to aggravate and go above the guidelines in this particular case.
we find that the state has proven beyond a reasonable doubt that the factor of psychological trauma standing alone would have caused the trial judge to depart from the guidelines to the extent which he did. Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, the sentence is affirmed.