488 So.2d 677 (1986)
Lionel CAMPOS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1135.
District Court of Appeal of Florida, Fourth District.
May 28, 1986.
Peter Birch of Birch & Rolle, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is another appeal to review a departure from the sentencing guidelines and the extent of the departure.
Appellant was convicted on four counts of robbery with a firearm, two counts of *678 shooting into an occupied vehicle, eight counts of aggravated assault and four counts of simple assault. A sentencing scoresheet was prepared and the recommended sentence was five and one-half to seven years' imprisonment. The sentence imposed was life imprisonment for each count of robbery, fifteen years' imprisonment for each count of shooting at an occupied vehicle, five years' imprisonment for each count of aggravated assault, and sixty days in jail for each count of simple assault, all to run concurrently.
The trial judge reduced his reasons to writing; however, he did so in narrative form so that it is difficult for this court to determine which portions of the narrative he relied upon for departure and which portions are simply descriptive of the scenario. The narrative is set forth hereafter:
During this well-planned bank robbery, this defendant was disguised and armed with a loaded firearm which was openly displayed in a life-threatening way. The numerous bank employees and customers were terrorized and placed in fear, although not physically harmed. After leaving the bank with approximately $26,704 cash, the two defendants travelled south on I-95. As the police took up pursuit, the co-defendant drove the getaway car at speeds over 100 miles per hour in heavy traffic. The defendant (Campos) fired several rounds from an Uzi semi-automatic rifle in the direction of the pursuing police cars and toward a police officer standing on an overpass, endangering not only the police officers but also the lives of many other innocent people travelling on I-95 in Palm Beach County. It was a miracle that no one was injured during the bank robbery and shoot out that occurred during the high speed chase.
The high speed chase culminated in Broward County, but the events occurring in that county were not considered by this court as factors in the sentences imposed herein. The defendant was sentenced for those events by the Circuit Court in Broward County.
(R. 1171). While a narrative description of the crime and attendant circumstances may be helpful, we think it is imperative in any event for the trial judge to list the separate grounds relied upon for departure.
It is not clear whether the court is using premeditation as a ground for departure by stating the bank robbery was well-planned. Premeditation would not be a valid reason for departure because that element of the crime is already factored into the guidelines. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), pet. for rev. den. 476 So.2d 675 (Fla. 1985). The same might be said of possession of a loaded firearm in the commission of the robberies. Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985). The amount of cash stolen is not a valid ground for departure under Knowlton. On the other hand, in Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984), the court held that the amount of drugs can be used for departing and in Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984), the court held the amount of money taken and placing others in danger are sufficient reasons to depart. The emotional trauma of the victims is not a valid ground where it is by statutory definition an inherent component of the crime for which the defendant was convicted. State v. Cote, 487 So.2d 1039 (Fla. 1986); Knowlton, 466 So.2d at 280; Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986).
Appellant also attacks the sentence as an excessive departure in any event. In view of the guidelines sentence, even if departure is warranted, we agree the departure was too drastic. Accordingly, we remand the cause to the trial court with the request that it reconsider the sentence, whether or not it should depart from the guidelines, and, if so, the separate grounds therefor in the light of the current case law and, if it determines to depart from the guidelines, that it reconsider the extent of the departure.
DOWNEY, ANSTEAD and GUNTHER, JJ., concur.