489 So.2d 836 (1986)
Alvin John GIBSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2109.
District Court of Appeal of Florida, Third District.
June 3, 1986.
*837 Bennett H. Brummer, Public Defender, and Harold Mendelow, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard T. Kaplan, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and JORGENSON, JJ.
PER CURIAM.
We affirm appellant's conviction for armed robbery, kidnapping and aggravated battery, finding his contentions relating to conviction to be without merit. Nonetheless, we agree that the sentence outside the guidelines should be reversed and remanded for resentencing.
As the basis for departure from the sentencing guidelines, the trial court stated eleven reasons. The first, lack of remorse, is an invalid ground for departure. State v. Mischler, 488 So.2d 523 (Fla. 1986).
Though the court properly considered the circumstances of the crimes in a number of stated reasons,[1]Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), the mere fact that the crimes were committed in a day care center cannot, by itself, be a valid reason for departure. Cf. Steiner v. State, 469 So.2d 179, 182 n. 10 (Fla. 3d DCA) (because uniformity of sentencing is a goal of the guidelines, the specific protection needs of a particular area is an invalid reason for departure), review denied, 479 So.2d 118 (Fla. 1985).
Additionally, lack of provocation is a "common ingredient" in both armed robbery and kidnapping. See Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985). Since the record is not specific as to departure on this ground, we must assume that it was considered in departing on all counts and is therefore invalid.
It is unclear whether the trial court would have departed to such an extreme *838 sentence of 283 years absent the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, this case is
Reversed and remanded for resentencing.
NOTES
[1] It should be noted that all of the grounds which make up a single factor (i.e., the circumstances surrounding the crime) ought to be consolidated into a single reason for departure.