496 So.2d 886 (1986)
Randall WILLIAMSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1704.
District Court of Appeal of Florida, Second District.
October 17, 1986.
*887 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Randall Williamson appeals his judgment and sentence for armed robbery. On appeal Williamson limits his argument to two points regarding his sentence. First, he argues the trial judge improperly departed from the recommended guidelines sentence. Second, he contends that, even if the departure was proper, the extent of such departure was excessive. We agree with the defendant's first point, and thus, we need not reach his second point.
The defendant was convicted of armed robbery. The recommended guideline sentence range was seven to nine years' imprisonment. The trial court sentenced him to life imprisonment and gave three written reasons for its departure. The first reason was the "circumstances of the case." The court pointed out that the armed robbery involved three male offenders and one woman victim, the use of force was far in excess of that which was necessary to accomplish the robbery, and the victim was threatened with death. The court also noted the proximity of the knife against the victim's body. The second reason was the "defendant's criminal history." The court stated that the defendant had a history of crimes of violence and, thus, was an irretrievable criminal for whom rehabilitation was an illusion. The third reason was "victim impact." The court noted that the victim was terrorized to the point that she feared for her life and would experience the trauma of the event for the rest of her life.
The court's first two reasons for departure are improper because both the type of circumstances in this case and the defendant's criminal history were considered in arriving at the presumptive guidelines sentence. State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The court's third reason, psychological trauma to the victim, may be a valid reason for departure. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). In State v. Cote, 487 So.2d 1039 (Fla. 1986), the supreme court noted "an essential element of the crime of assault and aggravated assault is that the defendant create a `wellfounded fear' in the victim." Id. at 1039. The court, therefore, held that the causing of fear and resulting psychological trauma is by statutory definition an inherent component of the crimes of assault and aggravated assault.
Section 812.13(1), Florida Statutes (1985), defines robbery as "the taking of money or other property from the person or custody of another by force, violence, assault or putting in fear." (Emphasis added.) Applying the supreme court's analysis in Cote, we are compelled to find that the causing of fear and resulting psychological trauma is by statutory definition an inherent component of the crime of robbery and, thus, not a valid reason for departure *888 in this case. We think there may be instances where the record reveals that the psychological trauma resulting from an offense is so extensive that a departure may be justified. See Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). Nevertheless, the record in this case does not reveal that the victim suffered trauma unusually greater than ordinarily involved in an armed robbery.
In conclusion, we hold that all of the trial court's reasons for departure are improper. Our disposition of this case makes it unnecessary for us to review the defendant's contention that the trial court's departure was excessive. However, for future guidance, we point out that chapter 86-273, section 1, Laws of Florida, effective July 9, 1986, provides "The extent of departure from a guideline sentence shall not be subject to appellate review."
Accordingly, we affirm the defendant's conviction but reverse his sentence and remand for resentencing within the guidelines. The defendant need not be present for resentencing.
GRIMES, A.C.J., and RYDER, J., concur.