499 So.2d 35 (1986)
Thomas Floyd MASH, Appellant,
v.
STATE of Florida, Appellee.
No. BL-230.
District Court of Appeal of Florida, First District.
December 18, 1986.
Michael E. Allen, Public Defender, Glenna Joyce Reeves and Keith D. Cooper, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
The appellant in this case, Thomas Floyd Mash, appeals the trial court's departure from the recommended guideline sentence of 3 1/2 to 4 1/2 years incarceration. Upon the state's motion for departure the court imposed a sentence of ten years, giving the following written reasons for departure:
(a) The circumstances of the offense, including the use of a knife, a mask, and removal of the victim from the scene, warrant a sentence in excess of 4 1/2 years.
(b) The psychological impact on the victim, who stated at the time of the presentence investigation that she was still having nightmares several months after the incident, is an aggravating factor warranting a sentence in excess of 4 1/2 years.
(c) The recommended guidelines sentence is insufficient to elicit the requisite amount of retribution, rehabilitation and deterrence necessitated by defendant's actions.
We find all three reasons to be invalid and reverse and remand for resentencing.
*36 Reason # 1 is invalid on three separate points. First, the use of a dangerous weapon is an essential element of the offense of armed robbery, Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986), and is thus a factor already taken into account in calculating the guideline sentence. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Second, since appellant was not convicted of wearing a mask, pursuant to sections 876.13 and 876.155(4), Florida Statutes, the use of this reason violates Florida Rule of Criminal Procedure 3.701(d)(11). Third, the use of the victim's removal from the scene as a reason for departure is also invalid under the Hendrix case since it is an inherent element of the kidnapping in this case.
Reason # 2 is also invalid. Psychological trauma may constitute a valid reason for departure where it is not an inherent component of a crime, State v. Cote, 487 So.2d 1039 (Fla. 1986), and where the facts supporting the reasons are credible and proven beyond a reasonable doubt. Hankey v. State, 485 So.2d 827 (Fla. 1986). The second and fourth districts have specifically found emotional trauma to be an inherent component of the crime of armed robbery and, thus, an invalid reason for departure. See Grant v. State, (Fla. 4th DCA 1986), opinion filed October 1, 1986 [11 FLW 2084]; Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986); Williamson v. State, 496 So.2d 886 (Fla. 2d DCA 1986). The third district, on the other hand, has found psychological trauma not to be an inherent component of kidnapping, robbery, or sexual battery. Sias v. State, 487 So.2d 1180 (Fla. 3d DCA 1986). Regardless of whether psychological trauma is or is not an inherent component of armed robbery, the evidence in this case does not indicate that the victim suffered such unusual trauma as would support a departure.
Reason # 3 has specifically been found invalid by this court in Williams v. State, 492 So.2d 1388 (Fla. 1st DCA 1986). See also Scurry v. State, 489 So.2d 25 (Fla. 1986).
Accordingly, appellant's sentence is reversed and this case is remanded to the trial court for resentencing.
MILLS and JOANOS, JJ., concur.