SHARP, Judge.
Neeley appeals his departure sentences, after his convictions for aggravated battery,[1] possession of a weapon in the commission of a felony,[2] aggravated assault[3] and criminal mischief with damage of $200.00 or less.[4] The presumptive guidelines sentence was five and one-half to seven years. The sentences given were ten years on the first three counts and 164 days on the last count, to run concurrently. This constituted a two-bracket departure upwards, and because the reasons to justify it were not clear and convincing, we vacate the sentences and remand for resen-tencing.
The reasons given by the court for its departure upwards from the presumptive sentence range were:
1. The defendant is an Habitual Felony Offender under Florida Statute 775.-084.
2. The defendant’s past record and the violent nature and excessive force of the present case show the defendant’s violent nature and specifically indicate that the defendant will engage in violent criminal acts upon his release from incarceration.
3. The Court finds that reason # 1 would, standing alone, warrant this departure.
The court failed to make the finding mandated by section 775.084(3) that an enhanced sentence was necessary to protect the public,[5] but in view of Whitehead v. State, 498 So.2d 863 (Fla.1986), it appears the habitual offender statute was repealed by the sentencing guidelines. Therefore, Neeley could not be given an enhanced sentence under section 775.084, and a finding that a person was a habitual offender is no longer a valid reason to impose a departure sentence under the guidelines. Whitehead.
*692 The second reason given by the trial court takes into account Neeley’s prior record, which was scored, and is therefore an improper basis to depart upward from the presumptive guidelines sentence. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Further, in this case use of force against the victim was scored since it was an element of the offense. Therefore, it cannot be used again as a basis for departing. Hendrix; Holden v. State, 487 So.2d 1199 (Fla. 5th DCA 1986).
We also reverse the trial court’s imposition of community service in lieu of costs as provided by section 27.3455 because the crimes for which Neeley was convicted took place prior to July 1, 1985, when the statute became effective. The application of this statute to defendants whose crimes were committed prior to its effective date violates the ex post facto restrictions of both the United States and the Florida Constitutions.[6]
Accordingly, we vacate the sentences and remand for resentencing.
VACATE SENTENCES AND REMAND.
ORFINGER and COWART, JJ., concur.

. § 784.045, Fla.Stat. (1985).

. § 790.07, Fla.Stat. (1985).

. § 784.021(1)(a), Fla.Stat. (1985).

. § 806.13(l)(b)1, Fla.Stat. (1985).

. See Brown v. State, 457 So.2d 1079 (Fla. 5th DCA 1984), review denied, 461 So.2d 113 (Fla.) & 464 So.2d 556 (Fla.1985).

. U.S. CONST. art. I, § 10, cl. 1; Art. I, § 10, Fla. Const.