PER CURIAM.
The defendant was a former employee at Logun’s Lobster House in Key West, Florida. One evening whilé the owner, Faye Logun, was working in her office, the defendant entered the restaurant wearing a cape and hood and carrying a long kitchen knife. The defendant lunged at Mrs. Lo-gun, while demanding money. As he lunged, the defendant slid across the desk where Mrs. Logun was seated and landed on top of her, dropping the knife underneath a chair. During an ensuing struggle with the defendant, the victim was struck in the face. Mrs. Logun lifted the hood and was able to see the defendant’s face. When he was unable to retrieve the knife, the defendant fled.
After a trial by a jury on charges of armed burglary, aggravated assault, and attempted armed robbery, the defendant was convicted of armed burglary and aggravated assault. The guidelines presumptive sentence for the offenses is three and one-half to four and one-half years. The court, however, imposed two concurrent ten-year sentences. As justification for the five cell departure from the sentencing guidelines, the court reasoned that the offenses had “profound emotional impact” on the victim. We reverse the sentence.
Emotional hardship may not be the basis for departing from a guideline sentence where psychological trauma is an inherent component of the crime. Lerma v. State, 497 So.2d 736 (Fla.1986). See Hankey v. State, 485 So.2d 827 (Fla.1986); Sias v. State, 487 So.2d 1180 (Fla. 3d DCA 1986). Emotional trauma is an inherent component of aggravated assault. State v. Cote, 487 So.2d 1039 (Fla.1986).
As to offenses which do not have psychological trauma as an inherent component, emotional impact may be considered for the purpose of enhancing a sentence only where the trauma is extraordinary or unusual to the offense. Casteel v. State, 498 So.2d 1249 (Fla.1986); Hankey v. State. There is no support in the record *738 for the finding that the psychological trauma experienced by the victim in this single episode was greater than that which usually results from the same offense. Cf. Casteel v. State, (victim experienced severely traumatic ordeal in which she submitted to sexual intercourse two times in fear of her safety and that of her fourteen-year-old daughter); Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986) (sexual battery committed in presence of victim’s son had traumatic effect on victim and son); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986) (trauma from “unbelievable terror and pain” inflicted upon child); Sias v. State, (victim subjected to “gang rape” and threatened with gun); Crapps v. State, 483 So.2d 544, 545 (Fla. 1st DCA 1986) (“defendant’s extended [campaign] of harassment and violence against [victim and family] caused great emotional distress”), quashed and remanded on other grounds, 498 So.2d 415 (Fla.1986); Head v. State, 473 So.2d 18, 19 (Fla. 3d DCA 1985) (“psychological impact on the victim of becoming paralyzed as a result of defendant's criminal act”), approved, 485 So.2d 1285 (Fla.1986).
The conviction is affirmed; the sentence is vacated and the cause is remanded for further proceedings consistent with this opinion.