ZEHMER, Judge.
Appellant, Vaughn R. Simpson, complains that the written grounds for imposing a sentence in excess of the sentencing guidelines are improper. Because we find *62 four of the five grounds given by the trial court to be legally insufficient, we reverse.
In case 85-6497 appellant was tried before a jury and found guilty of armed robbery, attempted first degree murder, and use of a firearm during an armed robbery stemming from an incident which took place on June 12, 1985. In case 85-6411 appellant pled guilty to armed robbery and aggravated battery arising out of an incident on June 14, 1985. As part of the plea agreement, the state abandoned the third count, which charged use of a firearm during a felony. When appellant appeared for sentencing in both cases, the guidelines scoresheet indicated that his point scale was 221, which placed him in the cell calling for a twelve- to seventeen-year sentence in prison. The trial court departed from the guidelines and, in case 85-6497, sentenced appellant to fifteen years for attempted robbery, twenty-seven years for attempted first degree murder, and fifteen years for use of a firearm during a felony. In case 85-6411, appellant was sentenced to twenty-seven years for armed robbery and fifteen years for aggravated battery. All sentences were directed to be served concurrently.
The twelve-page sentencing order set forth the following reasons for departure:
1. The regularity or frequency with which the crimes were committed. One attempted armed robbery and attempted first degree murder was committed on June 12, 1985. Two days later on June 14, the defendant committed another armed robbery and aggravated battery.
2. During the two robberies the defendant fired his pistol six times — two of which shots were to intimidate and hasten the victims into compliance. Those wildly fired shots placed persons nearby at great risk. The other four shots were fired at unarmed victims (at one with premeditated intent to murder) and at the other with the intent to kill or maim.
3. None of the four victims were armed — nor did they pose any threat to the defendant. Yet, he shot two of them without provocation.
4. The actions of the defendant at both robberies were those of a deadly predatory animal taunting and terrifying its prey. In addition to the physical injuries, the victims have been emotionally ravaged and psychologically traumatized.
5. The acts of the defendant were not accidental or due to nervousness. If they had been, there probably would have been only one shooting. However, the defendant threatened and shot victims during both robberies — evincing a homicidal intent and a contempt for human life.
Reason 1 is based on the timing of several offenses already considered in calculating the scoresheet. Nevertheless, we have previously held that the temporal pattern of the commission of scored offenses is a valid basis for departure from the guidelines if sufficiently detailed in the written grounds of departure. Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); cf Jones v. State, 501 So.2d 665 (Fla. 1st DCA 1987). Accordingly, we find ground 1 to be valid. In view of the proscriptions on the use of scored offenses in departing from the guidelines rule as construed by the supreme court in several opinions, we certify the following question of great public importance to the supreme court:
IS THE REGULARITY AND FREQUENCY, i.e., THE TEMPORAL PROXIMITY, OF OFFENSES SCORED ON THE SENTENCING GUIDELINES SCORESHEET A VALID GROUND FOR DEPARTURE FROM THE GUIDELINES RECOMMENDED SENTENCE?
Reason 2 is valid; therefore, we do not address that reason.
Reason 3, based on lack of provocation, has been disapproved. See Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1986).
Emotional trauma to the victim is an inherent component of the crime of armed robbery; therefore, reason 4 is invalid. See Grant v. State, 11 F.L.W. 2084 (Fla. 4th DCA 1986); Campos v. State, 488 So.2d 677 (Fla. 4th DCA 1986); William *63 son v. State, 496 So.2d 886 (Fla. 2d DCA 1986). Cf. Mash v. State, 499 So.2d 35 (Fla. 1st DCA 1986); Sias v. State, 487 So.2d 1180 (Fla. 3d DCA 1986).
Reason 5, that defendant “threatened and shot victims during both robberies,” is based on an inherent component of a crime in question, attempted first degree murder, and therefore cannot be used to justify departure. State v. Mischler, 488 So.2d 523 (Fla.1986).
We remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla.1985).
REVERSED and REMANDED.
ERVIN and SHIVERS, JJ., concur.