COWART, Judge.
Appellant’s five convictions of theft are affirmed but his departure sentence is vacated because the reason for departure, “breach of trust,” is considered an inherent component of a theft accomplished by a breach of trust such as the misrepresentations in this case, and because the second reason, “the enormity of the losses of the victims,” i.e., the large amount of money stolen, is not a valid ground for departure. See State v. Mischler, 488 So.2d 523 (Fla.1986); Campos v. *408 State, 488 So.2d 677 (Fla. 4th DCA 1986); Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). But cf. Irwin v. State, 479 So.2d 153 (Fla. 2d DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986) (quantity of drugs was valid ground for departure).
We vacate the sentence and remand the case for resentencing to either the recommended guideline sentence or a departure sentence that conforms to the sentencing guidelines (Fla.R.Crim.P. 3.701).
SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.
ORFINGER, J., concurs.
SHARP, J., concurs in result only with opinion.