505 So.2d 1378 (1987)
Vaughn R. SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-453.
District Court of Appeal of Florida, First District.
April 15, 1987.
On Motion for Rehearing May 5, 1987.
Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
ZEHMER, Judge.
In its motion for rehearing the state argues that our original opinion, 502 So.2d 61, misunderstood the trial court's reasons for departing from the sentencing guidelines.
First, the state contends we overlooked or misapprehended the trial court's third reason for departing from the sentencing guidelines. The trial court gave as its third reason for departure that "[n]one of the four victims were armed  nor did they pose any threat to the defendant. Yet, he shot two of them without provocation." The state argues that the trial court did not merely cite to a "lack of provocation," but also noted the vulnerability of the victims. The state cites Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985) and Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986), for the proposition that vulnerability of the victims is a valid ground for departure. In the cases cited by the state, the victims were females aged eighty-six *1379 and sixty, respectively, who lived alone. Because the court found that the victims were particularly vulnerable, it allowed departure from the sentencing guidelines. As no similar showing of vulnerability of the victims has been made in this case, however, departure was not justified. As stated in our original opinion, the lack of provocation has been disapproved as a reason for departure. See Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1986) (lack of provocation a common ingredient in armed robbery); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), approved, 483 So.2d 423 (Fla. 1986) (lack of provocation an inherent component of armed robbery); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), approved, 476 So.2d 165 (Fla. 1985) (lack of provocation an inherent component of any robbery, and hence may properly be viewed as already embodied in the guidelines recommended sentencing range).
As part of its fourth reason for departure, the trial court stated, "[T]he victims have been emotionally ravaged and psychologically traumatized." The state contends we erroneously rejected "emotional trauma" as a valid ground for departure from the guidelines sentence for robbery. The state argues that robbery, as defined by section 812.13, Florida Statutes (1985), carries no element of emotional trauma and that it is wrong to equate "inherent component" of the crime with "element" of the crime. While we do not equate "inherent component" of the crime with "element" of the crime, the supreme court has held that a court cannot "use an inherent component of the crime in question to justify departure." State v. Mischler, 488 So.2d 523, 525 (Fla. 1986). Thus, the question is whether emotional trauma is an inherent component of robbery.
Section 812.13 defines robbery as the "taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear" (emphasis added). The second district has applied the supreme court's analysis in State v. Cote, 487 So.2d 1039 (Fla. 1986) (causing fear and resulting psychological trauma is by statutory definition an inherent component of the crimes of assault and aggravated assault) to the robbery statute and concluded that "the causing of fear and resulting psychological trauma is by statutory definition an inherent component of the crimes of robbery and, thus, not a valid reason for departure." Williamson v. State, 496 So.2d 886, 887 (Fla. 2d DCA 1986). The court went on to say that there may, however, be "instances where the record reveals that the psychological trauma resulting from an offense is so extensive that a departure may be justified." Id. at 888. See also Konyves v. State, 501 So.2d 127 (Fla. 2d DCA 1987) (in order to support departure, emotional trauma to armed robbery victim must arise from extraordinary circumstances which are clearly not inherent in the offense charged); Grant v. State, 12 F.L.W. 236 (Fla. 4th DCA Jan. 16, 1987) (even though fear and or emotional trauma are inherent components of the crime of robbery, they were a proper basis for departing in this case because the victim's trauma was greater than that usually associated with a simple robbery). But see Sias v. State, 487 So.2d 1180 (Fla. 3d DCA 1986) (psychological trauma not an inherent component of robbery).
In Mash v. State, 499 So.2d 35 (Fla. 1st DCA 1986), this court did not reach the issue of whether emotional or psychological trauma is an inherent component of armed robbery. The court, noting the conflict among the districts, instead stated, "Regardless of whether psychological trauma is or is not an inherent component of armed robbery, the evidence in this case does not indicate that the victim suffered such unusual trauma as would support a departure." Mash at 143.
We agree with the Second and Fourth districts that emotional or psychological trauma is an inherent component of armed robbery and, thus, is not a valid reason for departure from the sentencing guidelines. Further, there has been no showing by the state that the victims' trauma in this case was "greater than that usually associated with simple robbery." *1380 Grant, supra. We recognize, however, that this holding conflicts with the Third district's opinion in Sias, and therefore certify to the supreme court the following question of great public importance:
WHETHER EMOTIONAL OR PSYCHOLOGICAL TRAUMA IS AN INHERENT COMPONENT OF ARMED ROBBERY AND, THUS, NOT A VALID REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES?
Finally, the state contends that we erred in rejecting "getting shot" as a valid ground for departure from the guidelines sentence for attempted murder. The state argues that someone's being shot in the course of an attempted murder is a "circumstance surrounding the offense," not an "element" or "inherent component" of the crime, but it cites no authority for this position. We reiterate that reason 5, specifying that the defendant "threatened and shot victims during both robberies," is based on an inherent component of a crime for which the defendant was then being sentenced, i.e., attempted first degree murder, and therefore cannot be used to justify departure. State v. Mischler, supra.
REHEARING DENIED.
ERVIN and SHIVERS, JJ., concur.

ON MOTION TO STRIKE MOTION FOR REHEARING AND TO WITHDRAW OPINION ON REHEARING
ZEHMER, Judge.
Appellant, Vaughn Simpson, by motion filed April 16, 1987, moves to strike the state's motion for rehearing on grounds that it was untimely filed and, further, moves that we withdraw the opinion on rehearing filed April 15, 1987, on grounds that the court was without jurisdiction to render that opinion.
Our original opinion was filed on February 10, 1987, and the state filed its motion for rehearing on February 26. The motion, filed sixteen days after the opinion was filed, was not timely under rule 9.330(a), Florida Rules of Appellate Procedure, and should not have been acted on by the court. Appellant did not file, within ten days, any reply or motion to strike the state's motion for rehearing, no doubt because mandate on the original opinion automatically issued from the clerk's office on February 26, the day after the fifteen-day period for filing a motion for rehearing expired. Because the state's motion raised matters discussed in the original opinion which needed clarifying, and because we overlooked the untimely filing date stamped on the state's motion, we proceeded to issue the clarifying opinion of April 15. Nevertheless, appellant is correct in his assertion that we lacked jurisdiction to do so because mandate had already issued.
This court does have the power, however, to recall its mandate sua sponte so long as it does so within the term of court during which the mandate was issued. State Farm Mutual Automobile Insurance Co. v. Judges of the District Court of Appeal, 405 So.2d 980 (Fla. 1981); United Faculty of Florida v. Board of Regents, 423 So.2d 429 (Fla. 1st DCA 1982); Jerry v. State, 174 So.2d 772 (Fla. 2d DCA 1965). The court is now in the same term which commenced on the second Tuesday in January 1987, and that term does not expire until July. § 35.10, Fla. Stat. (1985). Accordingly, we have the power to recall the mandate issued February 26, 1987, for good cause.
Some of the matters raised in the state's untimely filed motion directed our attention to apparent conflicts between our original opinion and opinions of this and other district courts of appeal, and indicated such lack of clarity in our reasoning and discussion that clarification by further opinion was required. We are still of the belief that further clarification of the original opinion is necessary and appropriate, and hold, therefore, that the need for such clarification is sufficient good cause to recall our mandate.
Accordingly, the state's untimely filed motion for rehearing is stricken; the mandate issued February 26, 1987, is recalled and vacated; the cause is reconsidered by the court sua sponte; and the opinion filed April 15, 1987, clarifying the opinion of February 10, 1987, is now adopted and *1381 issued as the further opinion of this court in this cause. See Jerry v. State, 174 So.2d 772.
The clerk is directed to issue mandate forthwith.
ERVIN and SHIVERS, JJ., concur.