PER CURIAM.
Appellant appeals the imposition of a sentence departing from the sentencing *1285 guidelines. In a prior appeal, this court affirmed appellant’s conviction for armed robbery, kidnapping and aggravated battery, but reversed his departure sentence totalling 283 years’ imprisonment. Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1986). On remand, the trial court again imposed a departure sentence of 283 years and entered an order stating its reasons for departure from the recommended guidelines range of 17-22 years’ imprisonment, which we paraphrase as follows.
1. Defendant’s use or threat to use an excessive amount of force in the commission of a felony, i.e., his slashing the victim’s finger and wrist with a knife and tying the victim up with a rope.
2. The creation of an extreme risk to the physical safety of other citizens, in that two children between the ages of two and four were present during the commission of the charged offenses at a day care center.
3. The psychological trauma to the victim created by defendant’s threats of harm to her and threats to abduct the two children.
4. The defendant’s history of past criminal conduct which was not scored or considered on the guidelines scoresheet, i.e., his convictions for ten misdemeanors, in addition to the four misdemeanors which were scored.
We reverse and remand for imposition of a sentence within the guidelines, based on the following briefly stated legal analysis.
The first reason given, defendant’s use or threatened use of excessive force in tying up the victim and slashing her wrists and fingers with a knife, is not a valid reason for departure. A sentencing court cannot use an inherent element of the charged crime to justify departure. State v. Mischler, 488 So.2d 523, 525 (Fla.1986); State v. Cote, 487 So.2d 1039 (Fla.1986). Inherent components of the charged crimes are already built into the guideline range. Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), aff’d, 483 So.2d 423 (Fla.1986). Use of a weapon is an inherent element of the charged offense of armed robbery, § 812.13(2)(a), (b), Florida Statutes (1983); use of a deadly weapon, or intentionally causing “great bodily harm, permanent disability, or permanent disfigurement” are inherent components of the offense of aggravated battery, § 784.045, Florida Statutes (1983); and the tying-up of the victim is an inherent element of the charged offense of kidnapping, i.e., “forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will • ••[»]” § 787.01, Florida Statutes (1983).
The second reason, defendant’s creation of an extreme risk to the safety of the two children who were present, is not a clear and convincing reason for departure because the facts supporting such reason were not proven beyond a reasonable doubt at defendant’s trial. See Mischler, 488 So.2d at 525.
The third reason, psychological trauma to the victim, also does not justify departure, since there was no showing in this case that “the psychological trauma” suffered by the victim was other than that which “usually and ordinarily results from being a victim of the charged crime[s],...” State v. Rousseau, 509 So.2d 281 (Fla. 1987). Cf Casteel v. State, 498 So.2d 1249, 1253 (Fla.1986) (psychological trauma arising from extraordinary circumstances clearly not inherent in offense charged may constitute clear and convincing reason for departure). Nor was there any showing that “the victim has a discernible physical manifestation resulting from the psychological trauma,” which circumstance would also justify a departure. Rousseau, at 284.
The fourth reason, that defendant’s history of past criminal conduct included convictions for ten additional misdemeanor offenses, is also not a valid reason for departure. Prior criminal records are factored in the guidelines in order to arrive at a presumptive sentence; to allow departure based upon such previously-weighed factor would in effect count the convictions *1286 twice, which is contrary to the spirit and intent of the guidelines. Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985).
Sentence reversed and case remanded for resentencing within the guidelines.