WALDEN, Judge.
Appellant, Perry Lee Shaw, Jr., appeals a three year sentence imposed pursuant to a robbery conviction. On May 13, 1986 appellant committed a robbery in a grocery store in Okeechobee County. In the process of the robbery, appellant injured a store clerk, Charlene Wheeler, by striking her in the face. As a result of the blow, Mrs. Wheeler suffered a permanent or semi-permanent bruise on her face approximately the size of a quarter. Also as a result of the incident, Mrs. Wheeler became “a nervous wreck” and allegedly suffered emotional trauma.
Appellant pled no contest to the robbery charge. At the sentencing hearing, no expert testimony was presented regarding the permanency of the victim’s bruise. Mrs. Wheeler did not attend the sentencing hearing, allegedly because she was deathly afraid of appellant. Mrs. Wheeler’s husband testified that his wife’s injury had not improved since the date of the robbery. Mr. Wheeler and the owner of the grocery store testified as to their monetary damages. Appellant testified he was “willing to pay restitution on all the amounts that have been given” to the court. The trial judge did not inquire into appellant’s ability to make restitution.
The trial court entered a judgment of conviction against appellant for robbery under § 812.13, Florida Statutes, and stated its intention to depart from the recommended guidelines. The trial court orally sentenced appellant to three years incarceration followed by three years probation, with credit for time served, and orally ordered appellant to make restitution of $492.00 as a condition of probation. Appellant did not object to the order of restitution. The court also gave written reasons for departure from the guidelines based on “Moderate victim injury which includes permanent or semipermanent physical and psychological scarring and injury.”
The issues on appeal are twofold. First, appellant claims the trial court erred in departing from the recommended guidelines range based on the alleged injury. Second, appellant claims the trial court erred in ordering him to pay restitution.
*1114 With regard to departure from the guidelines based on psychological injury, we note initially that the type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure. Ochoa v. State, 509 So.2d 1115 (Fla.1987); State v. Rousseau, 509 So.2d 281, 283-285 (Fla.1987). The causing of fear and resulting psychological trauma is by statutory definition an inherent component of the crime of robbery, and thus not a valid reason for departure in this case. Section 812.13(1), Florida Statutes (1985), defines robbery as “the taking of money or other property which may be the subject of larceny from the custody of another by force, violence, assault, or putting in fear.” § 812.13(1), Fla.Stat. (1985) (emphasis added). There may be instances where the psychological trauma resulting from a robbery is so extreme that a departure is justified. See e.g. Davis v. State, 458 So.2d 42, 44 (Fla. 4th DCA 1984), approved, 477 So.2d 565 (Fla.1985) (“The facts show something more than a simple robbery. The young male defendant chose a relatively helpless female to terrorize, kidnap and promise to kill while holding a gun at her head rendering her ‘madly hysterical.' Little of this was required to snatch her purse and his behavior was repugnant and odious.”) Psychological trauma to the victim may also constitute a clear and convincing reason for departure when the victim has a discernible physical manifestation resulting from the psychological trauma. Rousseau, 509 So.2d at 283-284.
Although the record indicates Mrs. Wheeler suffered a physical manifestation from the physical injury, the record below contains no showing that Mrs. Wheeler suffered any discernible physical manifestation from the psychological trauma. Although Mr. Wheeler testified that his wife used to be very garrulous and became timid after the robbery, the record below is insufficient to conclude Mrs. Wheeler suffered psychological trauma unusually greater than that ordinarily involved in a robbery. See e.g. Williamson v. State, 496 So.2d 886, 887-888 (Fla. 2d DCA 1986) (the record in an armed robbery did not reveal that the victim suffered trauma unusually greater than ordinarily involved in an armed robbery), citing State v. Cote, 487 So.2d 1039 (Fla. 1986) (holding that the causing of fear and resulting psychological trauma is by statutory definition an inherent component of the crimes of assault and aggravated assault).
With regard to departure based on physical injury, although victim injury may be used as a reason to depart from the guidelines for a robbery conviction where the injury is not an element of the crime at conviction, “slight” victim injury may not constitute a clear and convincing reason for departure. Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986). The trial court’s written reason for departure does not indicate whether its finding of “moderate victim injury” would apply to either the physical injury or the psychological injury if considered separately, or whether the finding of “moderate” injury was only intended to apply to the cumulative effect of both injuries. The minimal facts in the record do not enable this court to decide whether Mrs. Wheeler’s physical injury standing alone was “slight” rather than “moderate”, and we find it unnecessary to reach such a decision. Since the trial court improperly departed from the guidelines based on psychological trauma, the state has the burden of showing beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). The state has not met this burden. Therefore the cause is reversed and remanded under the authority of Albritton.
The order of restitution is affirmed. The cause is remanded for resentencing in accordance with this opinion.
STONE, J., concurs.
GLICKSTEIN, J., concurs in part and dissents in part with opinion.