DANAHY, Chief Judge.
The appellant and a companion were driving on a public road behind a car that was alternately slowing down and speeding up. When the car pulled into a service station, the appellant and his companion followed them there, dragged them out of their car and beat them up, armed with a broken bottle. For his despicable and heinous act, the appellant was charged with two counts of aggravated battery. After trial by jury, the court adjudicated the appellant guilty of one count of aggravated battery and one count of the lesser included offense of battery. The court departed upward from the sentencing guidelines range giving the following reasons:
(1) unprovoked vicious attack on victims of aggravated battery;
(2) prior conviction for battery.
*1159 An unprovoked, unjustified beating is an inherent element of the crime of aggravated battery or simple battery and therefore cannot support departure. See Casteel v. State, 498 So.2d 1249 (Fla.1986). If any battery were provoked and found by the trier of fact to be justified, no conviction would have resulted because a valid defense would have been presented. Similarly, the viciousness of the attack is an inherent component of the “aggravated” element of the crime. A less vicious attack will result in a finding of simple battery, as happened here with the second count. This reason is not clear and convincing in order to support departure.
The second reason is clearly a violation of Hendrix v. State, 475 So.2d 1218 (Fla.1985), since the prior conviction has already been factored into the presumptive sentence.
In our disposition of this case we heed the purposes and principles set out in the sentencing guidelines regarding neutrality with respect to race, gender, and social and economic status. Fla.R.Crim.P. 3.701(b)(1). Accordingly, finding neither reason valid, we vacate the appellant’s sentence and remand for resentencing within the presumptive range.
Convictions affirmed; sentence vacated and remanded.
FRANK and THREADGILL, JJ., concur.