BASKIN, Judge.
Appellant Jose Vidal challenges his convictions and sentences for burglary of a dwelling and second degree grand theft. Finding no reversible error, we affirm the convictions.
We vacate the sentences and remand for resentencing, however, because the trial court failed to provide a written statement delineating clear and convincing reasons for upward departure from the sentencing guidelines. See State v. Jackson, 478 So.2d 1054 (Fla.1985); § 921.001(6), Fla.Stat. (Supp.1984); Fla.R. Crim.P. 3.701(b)(6), (d) (11). Furthermore, the trial court’s announced grounds at sentencing are invalid reasons for the departure. See State v. Mischler, 488 So.2d 523 (Fla.1986) (lack of remorse is an invalid reason for departure); Gibson v. State, 489 So.2d 836 (Fla. 3d DCA 1987) (same); Hankey v. State, 485 So.2d 827 (Fla.1986) (economic hardship is not a valid basis for departure); Williams v. State, 497 So.2d 716 (Fla. 3d DCA 1986) (same), review denied, 506 So.2d 1043 (Fla.1987); Mischler, 488 So.2d at 525 (inherent component of crime does not support departure); Walker v. State, 508 So.2d 407 (Fla. 5th DCA 1987) (enormity of victims’ loss is not a valid basis for departure).
In Shull v. Dugger, 515 So.2d 748, 749, (Fla.1987), the supreme court held that “a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.” Thus, appellant must be resentenced within the recommended sentencing guidelines range of four and one-half to five and one-half years. See Williams v. State, 492 So.2d 1308 (Fla.1986) (defendant resen-tenced within guidelines because all reasons for departure invalid). See also Clay v. State, 508 So.2d 561 (Fla. 2d DCA 1987) (defendant must be resentenced within recommended guidelines where no written reasons provided and oral reasons insufficient under case law).
Convictions affirmed; sentences vacated; remanded for resentencing.