PER CURIAM.
Appellant pled guilty to one count of armed robbery and one count of aggravated battery. During the course of the robbery, appellant struck the victim five times with a metal pipe. The victim testified:
THE COURT: Let me ask you, do the injuries that you incurred, have they caused you any emotional or psychological trauma of a lasting and permanent nature?
MR. LATORTUE: The only permanent state that I would be, that I would know that I have a scar in the back of my head and I am of course now a little paranoid ever since the incident.
THE COURT: Tell me about your paranoia.
MR. LATORTUE: Well, now I would, since the incident, I would even lock my own family out of the house, unconsciously lock the door, everything, bolts, including even my room now and I am very careful if I am walking at night if I am alone and not watching all sides. Due to this, I am just a little more paranoid now....
Appellant claims the trial court erred when it departed from the recommended guidelines sentence. We agree.
The trial court based its departure on “emotional and psychological trauma” suffered by the victim and because it found the guidelines sentence inappropriate for the heinous nature of the crime since appellant hit the victim five times. The guidelines scoresheet included twenty-one points for severe victim injury.
In Previlon v. State, 500 So.2d 716, 718 (Fla. 4th DCA 1987), we held:
The first reason given for departure was the physiological and emotional trau *662 ma to the victim. It is not permissible to consider physical injury to the victim where victim injury has already been taken into account in determining the guidelines range. See State v. Mischler, 488 So.2d 523 (Fla.1986). Since emotional and psychological trauma suffered by the victim of an aggravated assault is not a valid reason for departure, State v. Cote, 487 So.2d 1039 (Fla.1986), we hold that trauma is not a valid reason where the offense is aggravated battery.
Also see State v. Rousseau, 509 So.2d 281 (Fla.1987).
■We also reject the trial court’s second reason for departure. See Gibson v. State, 509 So.2d 1284 (Fla. 3d DCA 1987) and Tanner v. State, 512 So.2d 1158 (Fla. 2d DCA 1987). Accordingly, we affirm appellant’s conviction and reverse the sentence imposed. We remand this case to the trial court with instructions to sentence appellant within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DOWNEY, DELL and WALDEN, JJ., concur.