SCHWARTZ, Chief Judge.
In Sarria v. State, 501 So.2d 737 (Fla. 3d DCA 1987), this court reversed the appellant’s upward departure sentence upon the holding that the only ground assigned for the deviation, the victim’s emotional hardship, was unjustified. Notwithstanding this clear holding, the trial court, after our remand “for further proceedings consistent with this opinion,” Sarria, 501 So.2d at 738, took further testimony and again imposed the same departure sentence on the same announced ground of emotional damage to the victim. In the strongest terms, we disapprove of this course of action. The reimposition of the sentence on the same basis both was entirely contrary to the clear terms of our opinion and mandate, which the trial court is bound without question to obey, Berger v. Leposky, 103 So.2d 628 (Fla.1985); Beach Resort Hotel Corp. v. Wieder, 90 So.2d 52 (Fla.1956), and represented an equally unjustified attempt to create a newly-corrected basis for deviation after the original assigned ground had been held to be insufficient on appeal. Shull v. Dugger, 515 So.2d 748 (Fla.1987), precludes any such result.
For these reasons, the sentence under review is reversed and the trial court is directed forthwith to sentence the defendant within the applicable guidelines of three and one-half to four and one-half years. Rehearing is dispensed with.
Reversed and remanded with directions.