BOYER, Judge.
This is an appeal from a summary judgment finding that a taxpayer, Creative Developers, Ltd. (appellee herein) does not have to pay the interest penalty set forth in Section 201.17(2)(c), Florida Statutes, on a property transaction in which it was involved.
Section 201.17, Florida Statutes, states as follows:
(1) Whoever makes, signs, issues, or accepts, or causes to be made, signed, issued, or accepted, any instrument, document, or paper of any kind or description whatsoever, without the full amount of the tax herein imposed thereon being fully paid, or whoever makes use of any adhesive stamp to denote any tax imposed by this chapter without canceling or obliterating such stamps as herein provided, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
“(2) Any document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit or at time of recordation, does not bear the proper value of stamps shall subject the person or persons liable for the tax upon the document, instrument, or paper to:
“(a) Purchase of the stamps not affixed.
“(b) Payment of a penalty to the Department of Revenue equal to the purchase price of the stamps not affixed. This penalty is to be in addition to, and not in lieu of, any other penalty imposed by law.
*829 “(c) Payment of interest to the Department of Revenue, accruing from the date of recordation until paid, at the rate of 1 percent per month or fraction thereof, based on the purchase price of the stamps not affixed.”
The property transaction involved herein occurred on July 31, 1973. The taxpayer paid the minimum documentary stamps on the deed and thereafter the defendant (appellant herein), Department of Revenue, notified the taxpayer that additional stamps were due. On February 14, 1974, the taxpayer filed a complaint asking for injunc-tive and declaratory relief to determine its rights and liabilities under Chapter 201 of the Florida Statutes. The trial court stayed the outcome of the case pending the Florida Supreme Court’s decision in Florida Department of Revenue v. De Maria, 338 So.2d 838 (Fla.1976) which both parties recognized as controlling.
While the matter was stayed Section 201.17(2)(c) of the Florida Statutes was enacted providing for interest on unpaid documentary stamps at the rate of one percent per month from the date of recordation. That statute became effective on June 28, 1976. Subsequently, the Florida Supreme Court decided De Maria in favor of the Department and additional documentary stamps were imposed on the deed. The lower court addressed the issue of whether or not Section 201.17(2)(c), Florida Statutes, was applicable to the transaction involved herein and on April 7,1977, the court found as follows:
“During the pendency of this litigation and during a time when this action was stayed by this Court pending the outcome of an appellate case dealing with similar facts, Section 201.17(2)(c), Florida Statutes, was enacted and became effective. Section 201.17(2)(c) contains no language stating that it is to be applied retroactively and its requirement regarding the payment of interest may not be applied to any liability for excise tax which may arise out of the transaction which is the subject of this action.”
We agree with the trial court and affirm.
It has long been the law in Florida that statutes are to be applied prospectively unless their terms clearly and unequivocally show that the intent of the legislature is that they be applied retroactively. Larson v. Independent Life and Accident Insurance Company, 158 Fla. 623, 29 So.2d 448 (1947). The most recent and most compelling statement is found in the Florida Supreme Court case of Fleeman v. Case, 342 So.2d 815, 817 (Fla.1977) which states that the law of Florida now requires “a declaration of retroactive application be made expressly in the legislation under review”. Nowhere in the statute in question is there an express statement that the statute is to be applied to taxes which were delinquent at the time of the statute’s enactment.
Although Fleeman was decided subsequent to the enactment of the legislation in question, we believe the rationale expressed therein is applicable to the case sub judice. In so deciding, we reject the Department’s argument that because the statute says the interest shall be paid from the date of rec-ordation that this evidences a legislative intent the statute be applied retroactively.
AFFIRMED.
McCORD, C. J., and MELVIN, J., concur.