RYDER, Chief Judge.
James David Wright appeals his sentence of seven years imprisonment. We reverse and remand for resentencing.
The state charged appellant with possession of a firearm by a convicted felon. Appellant pleaded guilty. The court adjudicated him guilty and placed him on fifteen years probation with the special condition that he pay the sheriff’s office $500.00 within six months. Subsequently, appellant’s probation officer executed an affidavit alleging that appellant had failed to report to his office as required, failed to pay his supervision fees, failed to pay the $500.00, and failed to obtain permission to change residences before changing his address.
According to the police booking report, when the police arrested appellant for violation of probation, appellant denied he was James Wright. He produced a social security card and a birth registration card which identified him as Ronnie Wright. After the police brought appellant to the police station, he admitted that he was, in fact, James Wright and had used the false identification. The booking report listed the charges against appellant as violation of probation and obstruction by false information.
Appellant pleaded guilty to violation of probation and elected to be sentenced under the guidelines. During the hearing, appellant told the court that he had previously pleaded guilty to the misdemeanor charge of obstruction by false information, and the court had sentenced him to ten days.
Under the guidelines, appellant’s recommended sentence was within the two and one-half to three and one-half-year range after being raised one category for violation of probation. The court revoked appellant’s probation and announced it intended *284 to sentence appellant to a term of imprisonment which would exceed the time recommended by the guidelines. Thereafter, the trial judge imposed a sentence of seven years imprisonment. The court’s written reasons for departure were that “defendant absconded from supervision and changed his name in an effort to avoid detection and apprehension.”
The court’s first reason for departure, that appellant “absconded from supervision” was one of the reasons for the violation of probation charge. Appellant’s recommended guidelines sentence was within the two and one-half to three and one-half-year range after being increased one category for violation of probation. Therefore, because the charge of violation of probation was already factored into the recommended guidelines sentence, the court erred in using this as one of the reasons for departure. See Booker v. State, 482 So.2d 414, 418 (Fla. 2d DCA 1985).
The court’s second reason for departure, that appellant “changed his name in an effort to avoid detection and apprehension,” was based upon appellant’s misdemeanor conviction of obstruction by false information. This conviction could not be scored under the prior record category on the scoresheet because it occurred subsequent to the commission of the primary offense. Therefore, the trial judge could properly use this conviction as a reason to depart from the sentencing guidelines. Prince v. State, 461 So.2d 1015, 1016 (Fla. 4th DCA 1984); Davis v. State, 455 So.2d 602, 603 (Fla. 5th DCA 1984).
There is no evidence that the trial judge would have imposed a departure sentence of seven years based only upon appellant’s prior misdemeanor conviction. Therefore, under Albritton v. State, 476 So.2d 158 (Fla.1985), we are required to reverse and remand for sentencing.
Reversed and remanded.
FRANK and SANDERLIN, JJ., concur.