PACK, R. WALLACE, Associate Judge.
Appellant challenges his sentence for sexual battery, which represents a departure from the sentencing guidelines. We reverse.
Although the trial court provided written reasons for departure, it failed to state those reasons at the sentencing hearing. This court has recently held that this practice violates a defendant’s due process rights. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). In this case, however, at the sentencing hearing, the state presented reasons for departure and appellant’s counsel argued against those reasons. The trial judge did not articulate his reasons for departure at that hearing, but announced that he would file a written order. The trial judge’s written reasons for departure incorporated in toto the reasons that were argued by the state at the sentencing hearing and to which appellant’s counsel objected. Under the facts of this case, we conclude that appellant’s due *289 process rights were not violated and no prejudice has been demonstrated.
We do, however, hold that the trial court erred in departing from the guidelines. The trial court’s written reasons for departure were:
1. While the victim of defendant’s crime did not suffer serious physical injury, she suffered obvious and profound emotional shock and trauma as a result of defendant’s actions and also the actions of the defendant resulted in pregnancy and birth of a child when the victim was 14 years old.
2. At the time that the offense occured [sic] the defendant was exercising a position of parental authority over the victim.
3. The conduct of defndant [sic] is a continuing pattern of abuse to the child for a long period of time.
The second reason for departure is invalid because section 794.011(4)(e), Florida Statutes (1981), provided for a separate offense when the offender was in a position of familial authority over the victim, and appellant was neither charged with nor convicted of this offense. Thus, this reason is a factor relating to the instant offense for which a conviction has not been obtained. See Fla.R.Crim.P. 8.701(d)(ll).
The third reason is invalid because it is clear from the record that the trial court’s basis was the charges that were dropped as a part of appellant’s negotiated plea. See Dallas v. State, 490 So.2d 1362 (Fla. 5th DCA 1986).
With respect to the trial court’s first reason for departure, the victim’s trauma resulting from appellant’s sexual battery is not a valid reason for departure. Lerma v. State, 497 So.2d 736 (Fla.1986). We conclude, however, that the trauma of the pregnancy and delivery of a child which resulted from appellant’s sexual battery on the victim is a valid reason for departure.
In Casteel v. State, 498 So.2d 1249 (Fla. 1986), our supreme court held:
Psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a clear and convincing reason for departure.
Id. at 1253. Trauma to a victim is inherent in the offense if that trauma “usually and ordinarily results from being a victim of the charged crime.” State v. Rousseau, 509 So.2d 281, 284 (Fla.1987) (Emphasis added.). Applying this standard to the facts of the present case, while the trauma of becoming pregnant and delivering a child may result from being a victim of sexual battery, it is not a usual or ordinary result of that crime. Cf Allen v. State, No. 4-86-1650 (Fla. 4th DCA June 17,1987) [12 F.L.W. 1505] (extreme psychological and emotional trauma to victim as a result of being left quadriplegic by defendant who committed robbery with deadly weapon valid reason for departure); Head v. State, 473 So.2d 18 (Fla. 3d DCA 1985), approved, 485 So.2d 1285 (Fla.1986) (psychological impact on victim of becoming paralyzed as a result of defendant’s aggravated battery and shooting into occupied dwelling valid reason for departure). Accordingly, we hold that trauma arising from becoming pregnant and delivering a child which results from a sexual battery is a valid reason for departure.
Because the trial court departed from the guidelines for valid and invalid reasons and the state has not proven beyond a reasonable doubt that the trial court would have departed absent the invalid reasons, we reverse and remand for resentenc-ing. Upon remand, the trial court should review and weigh the appropriate factor under the guidance of this opinion. See Griffis v. State, 509 So.2d 1104 (Fla.1987).
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.