515 So.2d 1276 (1987)
Robert P. WALLIS, Petitioner,
v.
The GRUMMAN CORPORATION, Respondent.
No. 70158.
Supreme Court of Florida.
December 3, 1987.
*1277 Melvin A. Rubin, Jerry B. Schreiber, and Joseph C. Segor, Miami, for petitioner.
James E. Tribble and Anthony D. Dwyer of Blackwell, Walker, Fascell & Hoehl, Miami, for respondent.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review the decision of the Third District Court of Appeal upon two questions certified to be of great public importance. Wallis v. Grumman Corp., 503 So.2d 366 (Fla. 3d DCA 1987).
Wallis was injured in the crash of a Grumman aircraft more than twelve years after delivery of that aircraft to its original purchaser. In affirming the dismissal of his product liability action, the court certified the following questions:
I. SHOULD THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, SHOULD THE DECISION OF PULLUM v. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, [475] U.S. [1114], 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA V. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLY SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
Wallis, 503 So.2d at 365-66. We recently answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987).
Wallis also argues that his allegation of breach of a duty to warn of a known defect did not give rise to a cause of action "founded on the design, manufacture, distribution, or sale of personal property" as set forth in section 95.11(3)(e), Florida Statutes (1985). We reject this contention. The allegation of the failure of a continuing duty to warn is clearly founded on the design and manufacture of the aircraft because the duty to warn of a defect arises because of Grumman's status as a manufacturer or seller of the airplane. Since there was no cause of action at the end of the twelve-year period, there can be no duty to warn of a defect. Eddings v. Volkswagenwerk, A.G., 635 F. Supp. 45 (N.D.Fla. 1986); Dague v. Piper Aircraft *1278 Corp., 275 Ind. 520, 418 N.E.2d 207 (1981); Davidson v. Volkswagenwerk, A.G., 78 N.C. App. 193, 336 S.E.2d 714 (1985), review denied, 316 N.C. 375, 342 S.E.2d 892 (1986). Section 95.11(3)(e) applied to all theories of product liability, including the duty to warn.
Accordingly, we approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.