537 So.2d 995 (1988)
William FELTS, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-413.
District Court of Appeal of Florida, First District.
January 14, 1988.
On Rehearing January 20, 1989.
Second Rehearing Denied March 1, 1989.
*996 Michael E. Allen, Public Defender, and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
On Rehearing En Banc January 20, 1989.
BARFIELD, Judge.
William Felts appeals his ten year sentence for armed robbery, asserting that the trial court erred in imposing a sentence in excess of the recommended guidelines sentence of three years based upon reasons which were not clear and convincing. We affirm the sentence.
The trial judge gave four reasons for departure, which included the fact that appellant used excessive force in the robbery by pointing a firearm at the victim and threatening him with bodily harm, that the victim suffered "an extreme emotional impact" and "a severe financial impact" in the loss of a "practically brand new automobile," that appellant drove the victim's automobile at excessive speeds in an attempt to elude authorities which resulted in an accident in which one of his accomplices was killed, and that appellant engaged in a gun battle with the police during his flight which resulted in unnecessary danger to many persons.[1]
*997 Appellant contends that the last two reasons were improper because an attempt to avoid arrest by fleeing is an insufficient reason for departure, citing Carter v. State, 485 So.2d 1292 (Fla. 4th DCA), rev. den., 494 So.2d 1149 (Fla. 1986), and that these reasons constituted various crimes of which he was not convicted, citing Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985), and Pursell v. State, 483 So.2d 94 (Fla. 2d DCA 1986). He asserts that, according to the scoresheet, there were neither additional offenses at conviction nor a prior record. Appellant admits that his counsel stated at the sentencing hearing that he had entered a plea and had been sentenced to a period of incarceration, but asserts that the record does not reflect the arrest or convictions.[2]
Alternatively, he argues that "any inferences of arrests or convictions" were not credible and proven beyond a reasonable doubt, citing State v. Mischler, 488 So.2d 523 (Fla. 1986). He asserts that threatening the victim with a gun is an inherent element of robbery, that use of a firearm had been factored into the scoresheet, and that use of the impact on the victim is prohibited by rule 3.701(b)(1).[3] Appellant seeks remand for resentencing under Albritton v. State, 476 So.2d 158 (Fla. 1985), in the event the court finds some of the reasons for departure valid and some invalid.
The State asserts that appellant's high speed flight from the pursuing officers and the resulting death of his passenger constituted an extreme risk to the physical safety of both citizens and law enforcement officers, and that such conduct was not an inherent element of the offense of robbery, but was an aspect of the crime which would permit a sentencing departure, since it was not factored into the scoresheet. The State argues that the sentencing court may depart from the guidelines based upon circumstances surrounding the offense, citing Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984), and points out that in Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984), this court upheld the trial court's finding that a high speed automobile chase following a robbery and the firing of shots at the pursuing officer constituted clear and convincing reasons for a sentencing departure.[4] The State contends that the notation on the order (that any one of the reasons given would justify departure regardless of the presence of impermissible reasons) clearly indicates beyond a reasonable doubt that the trial court would have departed from the sentencing guidelines for any permissible reasons given, so that affirmance is authorized under Albritton.
We find that the first two reasons recited above do not justify departure, because pointing a firearm at the victim and threatening bodily harm are inherent components *998 of the crime of armed robbery,[5] the "extreme emotional impact" on the victim is not supported by the record, and "severe financial impact" on the victim is not a clear and convincing reason for departure.[6] The third reason is also invalid because it involves circumstances surrounding the offense for which convictions were not obtained (the high speed chase and the resulting fatal accident).[7]
We find, however that the last reason justifies departure, because the "gun battle" constituted aggravated assaults on police officers, for which Georgia convictions (which could not be factored into appellant's scoresheet)[8] were obtained, and this incident posed an unnecessary risk of harm.[9] Convictions for crimes committed subsequent to the primary offense which cannot be scored may be used to justify departure.[10]
In Griffis v. State, 509 So.2d 1104 (Fla. 1987), the Florida Supreme Court held that a statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy the State's burden of proving beyond a reasonable doubt that the sentence would not have been affected by the absence of the impermissible reasons, and that such a sentence may be affirmed only when the appellate court is satisfied by the entire record that the State has met its burden. We do not interpret Griffis to mean that the appellate court may not take into account such a statement by the trial court, but only that it may not rely on such a statement without considering the entire record.
In this case, we would be inclined to find that the record, including the trial court's statement, demonstrates that the same sentence would have been imposed in the absence of the impermissible reasons, and that the sentence may therefore be affirmed. However, recent legislative amendment of the sentencing guidelines statute raises a question whether this court should apply Albritton in this or subsequent appeals.[11]
The original versions of section 921.001, Florida Statutes, and Florida Rule of Criminal Procedure 3.701, establishing the sentencing guidelines mechanism, did not specify the method and scope of appellate review of departure sentences. In Albritton, the Florida Supreme Court attempted to divine the legislative intent in this regard, concluding that the Florida Legislature intended that a sentence based upon both valid and invalid reasons for departure should be remanded to the trial judge for reconsideration unless the State proved to the appellate court that the trial judge would have imposed the same sentence if the invalid reasons for departure were eliminated, and that the legislature also intended that even if a departure sentence were proper, the extent of the departure should be reviewed by the appellate court under an abuse of discretion standard.
Chapter 86-273, Laws of Florida, amended section 921.001(5), Florida Statutes, to provide that "[t]he extent of departure from a guidelines sentence shall not be subject to appellate review." Chapter 87-110, *999 Laws of Florida, effective July 1, 1987, included an amendment to section 921.001(5):
A departure sentence shall be based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.
In Ochoa v. State, 509 So.2d 1115 (Fla. 1987), the court noted the 1986 amendment, but stated that it did not reach the issue of whether the legislature can constitutionally "restrict appellate review of sentences" because it found no valid reason for departure in that case. In Griffis v. State, issued July 16, 1987, the court noted that it did not decide the effect of section 921.001(5) as amended in 1987, upon cases involving crimes committed subsequent to July 1, 1987.[12] In subsequent decisions involving departure sentences, the supreme court has applied the Albritton standard.[13]
These opinions seemed to suggest that the supreme court might view the 1987 amendment quoted above as an unconstitutional attempt to dictate appellate procedure, or as a substantive change in the law which may be applied only to cases in which the offense was committed after the effective date of the amendment so as to avoid violating the ex post facto provisions of the federal and Florida constitutions.
Then in Booker v. State, 514 So.2d 1079 (Fla. 1987), the supreme court held that the 1986 amendment restricting review of the extent of departure sentences did not violate the constitutional separation of powers provision. The court observed that its holding in Albritton on this issue had been premised in part upon its view that appellate review of the extent of departure under an abuse of discretion standard would further the purpose of the guidelines (uniformity of sentencing), and that the legislature's elimination of such review may have undermined that purpose, but that this observation "goes to the wisdom of the amendment and not to its constitutionality." Id. at 1082. The court also held that application of chapter 86-273 to crimes committed before its effective date would violate the ex post facto provisions of the federal and Florida constitutions.
Appellant asserts that application of the quoted section of the 1987 amendment to this appeal would violate his rights under three constitutional provisions: due process, ex post facto, and separation of powers.[14] We disagree.
We observe at the outset the existence of certain well-established rules of statutory construction and judicial restraint. In determining the constitutionality of a legislative enactment, the courts are under an obligation to give it a construction which will uphold it rather than invalidate it, if there is any reasonable basis for so doing, and an act of the legislature should not be struck down if there is any reasonable *1000 theory upon which it can be upheld.[15]
Every reasonable doubt should be resolved in favor of the constitutionality of a legislative act, since the presumption of constitutionality continues until the contrary is proven beyond all reasonable doubt.[16] If a statute which is claimed to be unconstitutional is susceptible of two interpretations, one of which would lead to a finding of unconstitutionality and the other of validity, the court must adopt the construction which will support the validity of the statute.[17] In testing the constitutionality of a statute, the court should take into consideration the whole of the act, and may consider its history, the evil to be corrected or the object to be obtained, and the intention of the lawmaking body.[18] When a subject lies within the police power of the state, debatable questions as to the reasonableness of the exercise of that power are not for the courts but for the legislature to determine.[19]
With regard to the separation of powers question, it follows that it is the duty of the courts of Florida to interpret the quoted section of chapter 87-110 as delineating what constitutes a legal departure sentence, so as to pass constitutional muster, instead of interpreting the statute as an unconstitutional attempt to dictate appellate procedure, notwithstanding its unfortunate "shall be upheld" language.
The judiciary cannot focus on individual words outside the context of the entire chapter. The legislature has provided criteria for a valid departure sentence under the guidelines. Confronted with a departure sentence which meets those criteria, the appellate court does not have the authority to overturn the sentence; in other words, it must uphold the sentence. The phrase "shall be upheld" means, therefore, that a departure sentence meeting the statutory criteria (i.e., one which is based on at least one factor or circumstance which reasonably justifies aggravating or mitigating the sentence) is a valid sentence under the guidelines, notwithstanding the presence of other circumstances or factors which do not justify aggravating or mitigating the sentence.
This interpretation reflects the legislative intent to say what constitutes a legal sentence under the sentencing guidelines, when a departure from the recommended sentence is involved. The quoted section of chapter 87-110 can therefore reasonably be interpreted as a constitutional exercise of the police power which does not violate article II, section 3 of the Florida Constitution.
With regard to the ex post facto question, it should be noted that, notwithstanding its cryptic footnote in Griffis, the supreme court so far has not held that chapter 87-110 is a substantive change in the law which may be applied only to cases in which the offense was committed after the effective date of the amendment. The ex post facto ruling in Booker appears to be premised on the court's observation that under the statute as amended in 1986, "a person validly sentenced outside the guidelines may not have his departure sentence reviewed or reduced even though by definition, as set forth in Albritton, virtually no *1001 reasonable judge would have imposed such a sentence." 514 So.2d at 1084. The court held that the amended statute "clearly operates to the detriment of those whose crimes were committed prior to [its effective date]" and therefore could not constitutionally be applied to them.
While we recognize that the supreme court has determined the ex post facto question with regard to chapter 86-273, it can be argued that the 1986 and 1987 amendments were not in fact intended to "change" the law, but were meant merely to clarify what the statutory law has always been. In other words, these legislative amendments may arguably be read as clarifications of the Florida Legislature's intent that a departure sentence based upon at least one circumstance or factor which reasonably justifies the aggravation or mitigation of the sentence is legal, even if the trial judge has articulated circumstances or factors which do not justify aggravation or mitigation of the sentence, and that any departure which is so justified is legal if it is within the statutory maximum and minimum sentences. See Hall v. State, 511 So.2d 1038, 1041 (Fla. 1st DCA 1987), rev. pending, No. 71,078 (Fla.), discussing Bass v. State, 12 F.L.W. 289 (Fla. June 11, 1987), rehearing pending.[20]
However, even if the implied rationale of Booker (legislative amendments seen as "changes" in the law which had been established by the court's opinion in Albritton) is applied to the quoted section of chapter 87-110, the amendment does not change the legal consequences of the defendant's acts completed before its effective date to his disadvantage, or otherwise violate the constitutional prohibition against ex post facto laws. This is so because the 1987 amendment does not preclude appellate review of the validity of the reasons given by the trial judge for departure, but merely clarifies the law with respect to the legality of a departure sentence which is based upon both valid and invalid reasons, and thus presents a very different situation from that addressed in Booker.
Under Rule of Criminal Procedure 3.800, the trial court may reduce or modify a legal sentence imposed by it within 60 days after receipt of an appellate court mandate affirming the judgment or sentence or an order dismissing such an appeal, or within 60 days of disposition by a higher court. This rule provides a mechanism by which a trial judge may reconsider a sentence which may have become "unreasonable" because some of the reasons given for departure have been found to be invalid.
Under section 921.001, as it existed both before and after July 1, 1987, a defendant may have his sentence reduced by operation of Rule 3.800. Under the supreme court's construction of the 1986 amendment in Booker, he may also have the length of his sentence reviewed by an appellate *1002 court if his crime occurred prior to the effective date of chapter 86-273. Under Albritton, the appellate court may mandate reconsideration of a sentence which was based on both valid and invalid reasons, but it may not mandate that the sentence be reduced if the crime occurred after the effective date of chapter 86-273, and it may mandate reduction of the sentence for a crime committed before that date only if it finds that the sentencing court abused its discretion.
The effect of chapter 87-110 is to eliminate the remand to the trial judge, which had been required by Albritton when both valid and invalid reasons for departure were articulated, for reconsideration of the sentence in light of the appellate court's rulings on the validity of the reasons given for departure. Because Rule 3.800 has always provided a mechanism by which the trial judge may, sua sponte or upon the defendant's request, reconsider the sentence, application of chapter 87-110 to appeals pending after its effective date does not have any substantive detrimental effect on defendants whose offenses were committed prior to its effective date. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), in which the court observed that the ex post facto prohibition does not restrict legislative control of remedies and modes of procedure which do not affect matters of substance, even when the law acts to the defendant's detriment. See also Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), in which the court held that a change in the procedure by which the penalty in a capital case was implemented was not a change in the penalty itself.[21]
Whether the 1987 statutory amendment is construed as merely a clarification of the legislative intent, or as a change in the law, it does not constitute a violation of the constitutional ex post facto prohibition, and should be applied by the appellate courts to all cases pending after July 1, 1987. See 49 Fla.Jur.2d, Statutes §§ 106-108 (1984); 14 Fla.Jur.2d, Criminal Law § 11 (1979); and 10 Fla.Jur.2d, Constitutional Law §§ 136-171 (1979), including supplements, and cases cited therein.
Appellant's due process argument, premised as it is on a supposed "right" to application of the law in effect at the time his notice of appeal was filed, is without merit and is not supported by the authorities cited in his brief.
The sentence is AFFIRMED under the authority of chapter 87-110, Laws of Florida, because it is supported by a factor which reasonably justifies aggravation of the sentence beyond the recommended range.
We certify, as a matter of great public importance, the following question:
Whether that portion of chapter 87-110, Laws of Florida, which amends section 921.001(5), Florida Statutes, is applicable to appellate review of sentences imposed for offenses which were committed prior to July 1, 1987.
THOMPSON, J., concurs.
ZEHMER, J., concurs and dissents with opinion.
ZEHMER, Judge (concurring and dissenting).
I concur in the ruling that three of the four reasons for departure from the guidelines recommended sentence are invalid, but would reverse and remand for resentencing under Albritton v. State, 476 So.2d 158 (Fla. 1985). I respectfully dissent from the decision to apply chapter 87-110 to this case as the legal basis for avoiding the Albritton rule and affirming the sentence, but concur in the certification of the question posed as being one of great public importance.
Judge Barfield's opinion contains a thorough analysis and sets forth the best argument *1003 that I think can be made in support of the retroactive application of chapter 87-110 to all criminal felony cases, including those involving offenses committed prior to its enactment. He has done a magnificent job of attempting to bring order out of chaos, as it were, and trying to make the guidelines approach to sentencing a workable process without severely overburdening the court system. I wish that I could agree with his position.
Without unduly belaboring our points of difference, it is my view that the 1987 legislative amendment to the sentencing guidelines cannot be construed as a declaration of original legislative intent that simply clarifies rather than changes its prior statutory language. The supreme court decisions rendered prior to enactment of this amendment have given the original statutory language a different construction which has been applied in thousands of cases, some still pending but many now closed. Unless we intend to abandon all stability in determining the meaning and effect of statutory law, see Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987), rev. pending, No. 71,078 (Fla.), at least the supreme court's construction of a statute must be treated as the final declaration of what the statute means. Once the highest court of this state has said what the statute means, that must be the law until it is changed, not retroactively clarified, by the legislature, or until the supreme court is subsequently confronted with substantial grounds not originally considered that require it to confess error and overrule or recede from its prior opinion.[1] The changes wrought by chapter 87-110 significantly alter the defendant's right to receive the guidelines presumptive sentence to such an extent that, in my view, the constitutional prohibition against ex post facto laws may well operate to bar the chapter's retroactive application to cases in which the offense occurred before its enactment.[2] Applying some, but not all, of the principles of statutory construction recited in the majority opinion, I would construe the 1987 amendment as setting forth new, not clarifying, substantive guidelines provisions and hold the amendment inapplicable to this case. That, in turn, makes it unnecessary to consider the constitutional issues discussed in the majority opinion. It must be noted, however, that I do not agree with the majority's disposition of the constitutional issues involving the separation of powers question and the ex post facto question.[3]
*1004 Moreover, I strongly disagree with the majority's reliance on rule 3.800 as the appropriate mechanism through which the trial court may reconsider and change the departure sentence after the appellate court has disapproved four of five reasons for departure. The Albritton rule makes such departure sentence presumptively invalid and requires a remand for resentencing, while reliance on rule 3.800 and chapter 87-110 would make such departure sentence presumptively valid until the defendant establishes sufficient grounds to revise it. Such a significant change appears to be clearly substantive in nature.
Accordingly, because I believe this case is necessarily governed by the supreme court's decision in Albritton, I would reverse and remand for resentencing.

ON REHEARING EN BANC
ZEHMER, Judge.
The court, on its own motion pursuant to rule 9.331, Florida Rules of Appellate Procedure, ordered rehearing of this cause en banc to reconsider the decision in the panel opinion (filed January 14, 1988) that section 921.001(5), Florida Statutes (1987), as amended by section 2, chapter 87-110, Laws of Florida, rather than the supreme court's decision in Albritton v. State, 476 So.2d 158 (Fla. 1985), is applicable and requires affirmance of the sentence because one of the four reasons for departure from the sentencing guidelines has been found valid. This issue is one of exceptional importance and en banc consideration is necessary to maintain uniformity in the court's decisions.[1]
The facts and the reasoning underlying the panel's decision invalidating three of the four reasons for departure are thoroughly discussed in the panel opinion and need not be repeated. That holding is not disturbed. But for the reasons stated in the dissent to the panel opinion, which we also incorporate in this en banc opinion but do not restate for the sake of brevity, and for the additional reasons set forth below, we now hold that this appeal is governed by Albritton rather than the 1987 amendment to section 921.001(5), that the state has failed to establish beyond a reasonable doubt that the absence of the erroneous reasons would not have affected the sentence, and that the sentence must be reversed and the cause remanded for resentencing.
The state's argument on this issue addresses the constitutional points and is primarily based on notions of expediency. Its supplemental brief takes the position that the 1987 amendment can be retroactively applied in this case without offending either the due process clause or the ex post facto clause of the state and federal constitutions, and without violating the separation of powers provision in the state constitutions. Regarding the latter provision, the state argues that the legislature created the sentencing guidelines commission and endowed it and the supreme court with power to implement sentencing guidelines in the sentencing process, so the legislature can just as readily dissolve the whole guidelines process without offending the separation of powers doctrine, citing to dicta in Griffis v. State, 509 So.2d 1104 (Fla. 1987). Appellant's due process argument that application of the amendment effected by chapter 87-110 would deprive him of a meaningful appeal must fail, the state argues, because even under the standard in Albritton the trial court can, and based on past experience always does, impose the same departure sentence so long as at least one reason for departure has been held valid. Thus, the state says, the legislative amendment simply eliminated the necessity for the trial judge to "load up" the bases for departure and the bouncing of such cases from the appellate court down to the trial court and back to the appellate court *1005 again.[2] Since all reasons for departure remain reviewable by the appellate court, the new procedure simply removes "an unnecessary bottleneck in order to provide the state's criminal justice system with a more workable and practicle (sic) set of sentencing guidelines" (state's supplemental brief, p. 6).
Appellant's ex post facto argument lacks merit, the state continues, because the statutory changes are procedural rather than substantive in nature and do not require imposition of a lengthier or more onerous sentence because the trial judge can impose the same sentence upon remand if any departure reason is upheld, and apparently has done so in every case of which the state has knowledge. "All that is at stake here is whether the court file, in this case, makes an unnecessary trip back to the trial court solely to enable the trial judge to state that he really did want to impose a departure sentence for any reason or reasons that the reviewing court found valid" (state's supplemental brief, p. 8). Thus, the state argues, this case is governed by Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), rather than Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), and Wilkerson v. Florida, 513 So.2d 664 (Fla. 1987), because the ex post facto clauses do not restrict "legislative control of remedies and modes of procedure which do not affect matters of substance," and further, that no ex post facto violation occurs if the change in the law "does not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt" (state's supplemental brief, p. 10). We find the state's arguments unpersuasive. We need comment only upon its ex post facto argument. The stated legislative purpose to make a purely procedural change and thereby avoid bouncing sentencing guidelines cases back and forth between the appellate and trial courts simply does not answer whether retroactive application of the 1987 amendment falls outside the constitutional prohibition against ex post facto laws. The controlling principles of statutory construction cited in the panel opinion (at notes 15-17) require that in determining the constitutionality of a legislative enactment, the courts should give it a construction that will uphold rather than invalidate it, if there is any reasonable basis for so doing; that an act of the legislature should not be struck down if there is any reasonable theory upon which it can be upheld; and that if a statute that is claimed to be unconstitutional is susceptible of two interpretations, one of which would lead to a finding of unconstitutionality and the other of validity, the court must adopt the construction that will support the validity of the statute. Apart from the fact that chapter 87-110, which became effective on July 1, 1987,[3] contains no language indicating legislative intent to make it retroactively applicable to sentencing for offenses occurring prior to its becoming law,[4] the above stated principles of law preclude a construction requiring retroactive application of the 1987 amendment to sentences for offenses occurring before its effective date in order to avoid holding the amendment unconstitutional under the ex post facto clause.
To violate the constitutional ex post facto provision, the statute in question must have retroactive effect in the sense of applying to events occurring before its enactment, and it must disadvantage the offender *1006 affected by it. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). If the changes made by this 1987 amendment disadvantage appellant by significantly altering his right to receive the presumptive guidelines sentence rather than a greater sentence or have such greater departure sentence set aside as invalid, it will violate the constitutional prohibition against ex post facto laws. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Wilkerson v. Florida, 513 So.2d 664 (Fla. 1987). The changes wrought by the 1987 amendment do significantly disadvantage the appellant for the following reason.
The supreme court decision in State v. Mischler, 488 So.2d 523 (Fla. 1986), construed the sentencing guidelines rule, Fla. R.Crim.P. 3.701(d)(11), to require that the facts offered in support of reasons for departure "be credible and proven beyond a reasonable doubt." 488 So.2d at 525. In Albritton the supreme court held that when some but not all reasons for departure are held invalid by the appellate court, the case must be remanded for resentencing unless the state demonstrates beyond a reasonable doubt, based on the record as a whole, "that the absence of the invalid reasons would not have affected the departure sentence." 476 So.2d at 160. The 1987 amendment to section 921.001(5) purports to change the standard of proof applicable to facts supporting departure from that stated in Mischler to a preponderance of the evidence standard; and the amendment substantially alters the rule of appellate review from that stated in Albritton by directing appellate courts to uphold a departure sentence so long as at least one reason for departure is found to be valid regardless of the trial court's reliance on additional reasons found to be invalid. By changing the standard for evidentiary proof of facts supporting departure to a preponderance of the evidence standard, and by lessening the appellate review standard from that of presumptive invalidity to conclusive correctness, the statutory amendment has significantly disadvantaged the defendant in respect to the length and imposition of a departure sentence. It has long been recognized that laws which lessen the evidentiary standard of proof required to convict fall within the ex post facto clause. E.g., Goode v. State, 50 Fla. 45, 39 So. 461 (1905). Therefore, to give retroactive effect to the 1987 amendment in this case would violate the ex post facto clause. So we avoid this unconstitutional result by giving the amendment prospective effect only, leaving the Albritton standard applicable to this case. We note that after the panel opinion in this case was filed, at least one other district court of appeal has reached this same conclusion. State v. Mesa, 520 So.2d 328 (Fla. 3d DCA, 1988).
Upon consideration of the record, because the several invalid reasons for departure involved conduct amounting to serious violations of law that should affect the extent of departure as well as the trial judge's determination to depart from the presumptive guidelines sentence, we are unable to conclude under the Albritton standard that "the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons." Griffis, 509 So.2d 1104.
We adhere to the certification to the supreme court of the question stated in the panel opinion.
REVERSED AND REMANDED for resentencing.
SMITH, C.J., and ERVIN, SHIVERS, WENTWORTH, WIGGINTON, NIMMONS and MINER, JJ., concur.
BARFIELD, J., dissents with written opinion, in which BOOTH, JOANOS and THOMPSON, JJ., concur.
BARFIELD, Judge, dissenting:
In dissenting, I must first point out that the only issue presented to this court for en banc consideration was the applicability of chapter 87-110, Laws of Florida, to this appeal. The issue of the application of the Albritton test in the event that chapter 87-110 did not apply was not presented to the court en banc and was not so considered. This issue was presented to the original panel, which indicated in its majority opinion that application of the Albritton test would result in affirmance of the departure *1007 sentence. Since this case would not have reached the court en banc on simple application of the Albritton test, and the panel had already determined that the record demonstrates that the trial court would have imposed the same sentence in the absence of the impermissible reasons, the court en banc should not now be reversing and remanding for resentencing. This sentence should be affirmed, even under an Albritton analysis.
Turning to the issue which was in fact considered by this court en banc, I must conclude, as I did in the original panel opinion, that chapter 87-110, Laws of Florida, is applicable to this appeal and requires affirmance of the sentence imposed upon the appellant.[5]
The only issue in this appeal is the applicability of that part of section 2, chapter 87-110, which adds the following provision to section 921.001(5), Florida Statutes: "When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of circumstances or factors found not to justify departure." However, the majority en banc opinion injects another issue into this appeal which was never before this court and which contributes considerable confusion to the resolution of this case, by discussing the legislature's apparent rejection in chapter 87-110 of the Mischler evidentiary test for proof of the facts supporting a reason for departure.[6]
Whether this provision of 87-110 is in fact a change in, or a merely a clarification of, the standard of proof for the facts underlying the validity of a reason for departure and whether, if it is in fact a change, it can be given retroactive effect without violating constitutional ex post facto provisions, are not issues which are before us in this appeal, since here there has been no dispute regarding the proof of the facts supporting the reason for departure. That provision of chapter 87-110 is not interdependent with, and is irrelevant to a consideration of, the provision of chapter 87-110 at issue here, which involves the standard of review to be applied by the appellate courts when both valid and invalid reasons for departure have been given by the trial court.
The only part of chapter 87-110 which concerns this court in this case is that portion which states that a departure sentence is to be affirmed if at least one reason for departure is found to be valid. This presupposes that the facts supporting the valid reason or reasons have been proven by the appropriate standard. No one questions that proof for purposes of this review. The Mischler and Albritton issues should not have been commingled in an attempt to support the result desired by the majority of this court en banc.
Albritton required, for affirmance of a departure sentence based upon both valid and invalid reasons, that the appellate court be convinced beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Chapter 87-110 eliminated the need for the Albritton test for affirmance, so long as at least one of the reasons given for departure is found by the appellate court to be valid. The only issue we confront here is whether this statutory provision detrimentally affects a substantial right of the appellant so that it runs afoul of the constitutional prohibition against ex post facto laws.
In my judgment, application of chapter 87-110 instead of Albritton in this appeal does not have a prohibited detrimental effect *1008 on this appellant because his sentence is no greater and the vehicle for further review by the trial court is still intact. A law may work to the disadvantage of a defendant without offending the ex post facto clause. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Using Florida Rule of Criminal Procedure 3.800 to seek further trial court review of the departure sentence after one or more of the reasons given for departure have been declared invalid by the appellate court may be considered by some to be "less advantageous" than an Albritton remand, but it is not more onerous in the sense contemplated by the constitutional provisions against ex post facto laws, since the defendant's substantive right to seek reconsideration of his sentence by the trial court remains unaffected. I see no disadvantage whatsoever in using rule 3.800 in lieu of Albritton, and I note that the rule has been continuously available to defendants since before the sentencing guidelines were promulgated.
Numerous appellate decisions have aligned the several district courts of appeal with one side or the other of this issue, most without adequate explanation.[7] In McGriff v. State, 528 So.2d 396, 398 (Fla. 3d DCA 1988), the Third District Court of Appeal held that retroactive application of the portion of chapter 87-110 with which we are now concerned "would violate the prohibition against ex post facto laws" and undertook to articulate its reason for so holding:
Application of chapter 87-110, section 2, to crimes committed prior to July 1, 1987, violates these provisions by preventing judicial review of a sentence which departs from the guidelines where there is at least one valid reason amongst multiple reasons given for the departure. This restriction is clearly disadvantageous to the offender who, prior to the amendment, might be eligible for a review of his departure sentence by the trial court where both valid and invalid reasons are given to support the sentence and it is not clear whether the sentence would be the same in the absence of the invalid reason.
This statement overlooks the specific applicability of rule 3.800, both before and after the amendment, to provide "a review of his departure sentence by the trial court."
My final concern with the majority en banc opinion is its use of the expression, without explanation, that Albritton makes a departure sentence which was based upon both valid and invalid reasons a "presumptively invalid" sentence. No such language appears in Albritton and the effect of Albritton is contrary to the implications of that expression. Albritton allows the appellate court to affirm a sentence in the face of invalid reasons, if at least one valid reason was given and the record supports a finding that the same sentence would have been imposed absent the invalid reasons, or when doubt exists, it allows the trial court to reaffirm that it intends to impose the same sentence, which Albritton implicitly acknowledges as valid. Considering such a sentence "presumptively invalid" would seem to require the trial judge on remand *1009 to overcome the presumption of invalidity by some further justification of the departure sentence. In Shull v. Dugger, 515 So.2d 748 (Fla. 1987), involving a departure sentence which was arguably "presumptively invalid",[8] the supreme court rejected the State's suggestion that on resentencing the trial court might be able to further justify the departure.
I would affirm the sentence in this case on the authority of chapter 87-110, and I point out that the sentence should have been affirmed even under an Albritton analysis. To the extent that the question certified in the original panel opinion may have been misleading, I would certify the following amended question to the Florida Supreme Court, as a matter of great public importance:
Whether that portion of chapter 87-110, Laws of Florida, which amends section 921.001(5), Florida Statutes, to require affirmance of a departure sentence if it is supported by at least one factor which reasonably justifies aggravation of the sentence beyond the recommended range, is applicable to appellate review of sentences imposed for offenses which were committed prior to July 1, 1987.
NOTES
[1] The high speed chase, the gun battle, and the accident occurred in Georgia.
[2] Appellant's pre-sentence investigation report, which was not originally included in the record sent to this court, indicates that prior to his sentencing on the Florida armed robbery charge, appellant had pleaded guilty in Georgia to two counts of aggravated assault upon police officers and had been sentenced to seven years incarceration.
[3] Rule 3.701(b)(1) states: "Sentencing should be neutral with respect to race, gender, and social and economic status." In some circumstances, however, the emotional trauma suffered by the victim may justify departure from the recommended guidelines sentence. State v. Rousseau, 509 So.2d 281 (Fla. 1987); Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987); Mora v. State, 515 So.2d 291 (Fla. 2d DCA 1987); Crouse v. State, 518 So.2d 287 (Fla. 2d DCA Sept. 16, 1987); Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987); Hipp v. State, 509 So.2d 1208 (Fla. 4th DCA 1987); Shaw v. State, 510 So.2d 1112 (Fla. 4th DCA 1987); Allen v. State, 522 So.2d 850 (Fla. 4th DCA 1987).
[4] In Garcia, separate counts of attempted first degree murder were nol prossed as part of the plea agreement, but the court found that Rule 3.701(d)(11) did not preclude the trial court's consideration of the circumstances giving rise to the dropped charges. However, in Cummings v. State, 489 So.2d 121 (Fla. 1st DCA 1986), the court held that reference to charges dismissed as a condition of the plea was precluded by the rule. See also Dallas v. State, 490 So.2d 1362 (Fla. 5th DCA 1986), in which the court held that danger to others caused by a high speed chase and shooting at police (the shot penetrated an occupied mobile home) would not support a departure sentence, because it was factually based on charges of shooting into a building and attempted murder which had been dropped as part of the plea agreement.
[5] Mathis v. State, 515 So.2d 214 (Fla. 1987).
[6] State v. Mischler, 488 So.2d 523 (Fla. 1986); Hankey v. State, 485 So.2d 827 (Fla. 1986).
[7] Williams v. State, 500 So.2d 501 (Fla. 1986). See also State v. Tyner, 506 So.2d 405 (Fla. 1987); Cowan v. State, 505 So.2d 640 (Fla. 1st DCA 1987); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985). But see Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), rev. den., 471 So.2d 44 (Fla. 1985).
[8] The two Georgia convictions for aggravated assault on police officers could not be scored, since they did not constitute "additional offenses at conviction" under rule 3.701(d)(4), nor "prior record" under rule 3.701(d)(5).
[9] Campos v. State, 515 So.2d 1358 (Fla. 4th DCA 1987).
[10] Austin v. State, 507 So.2d 132 (Fla. 1st DCA 1987); Pugh v. State, 499 So.2d 54 (Fla. 1st DCA 1986); Kigar v. State, 495 So.2d 273 (Fla. 5th DCA 1986); Wright v. State, 491 So.2d 283 (Fla. 2d DCA 1986); Safford v. State, 488 So.2d 141 (Fla. 5th DCA 1986); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1984); and Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
[11] The parties were ordered to file supplemental briefs addressing the question of the effect of chapter 87-110 on the disposition of this appeal.
[12] Appellant contends that the 1987 amendment should not be applied to his appeal, relying on Griffis v. State, asserting that he and Griffis were similarly situated in the appellate process when the amendment took effect, but that the supreme court, which had the opportunity to discuss the law's constitutionality and retroactivity, did not consider the issue ripe for adjudication.
[13] Reichman v. State, 511 So.2d 995 (Fla. 1987); Sanders v. State, 510 So.2d 296 (Fla. 1987).
[14] Appellant contends that chapter 87-110 "abolished the right to effective appeal and created a presumption of correctness of a guidelines departure," so that to apply the amendment to his case, which was already in the "pipeline" when it became law, would violate his due process rights. He argues that it changed the appellate standard and "clearly disadvantages a defendant exercising his appellate rights, which no doubt are substantive." He asserts that the amendment, which "in essence repeals an appellate standard of proof," encroaches on the powers of the judiciary over sentencing and appellate review.
[15] Rostker v. Goldberg, 453 U.S. 57, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981); Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981); State v. Keaton, 371 So.2d 86 (Fla. 1979); Sarasota County v. Barg, 302 So.2d 737 (Fla. 1974).
[16] State v. Kinner, 398 So.2d 1360 (Fla. 1981); State v. Cormier, 375 So.2d 852 (Fla. 1979); Hamilton v. State, 366 So.2d 8 (Fla. 1978); Leeman v. State, 357 So.2d 703 (Fla. 1978); Rollins v. State, 354 So.2d 61 (Fla. 1978); Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), cert. den., Sparkman v. Carter, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977); Corn v. State, 332 So.2d 4 (Fla. 1976); State v. Reilly Enterprises, 298 So.2d 405 (Fla. 1974); State v. Aiuppa, 298 So.2d 391 (Fla. 1974).
[17] City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985); Boynton v. State, 64 So.2d 536(Fla. 1953).
[18] Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (Fla. 1942); Snively Groves v. Mayo, 135 Fla. 300, 184 So. 839 (Fla. 1938).
[19] Gandy v. Borras, 114 Fla. 503, 154 So. 248 (Fla. 1934).
[20] In Albritton, the Florida Supreme Court construed the sentencing guidelines legislation as requiring the trial judge to articulate only valid reasons to justify the departure (i.e., it is error to articulate a circumstance or factor which does not justify departure), and as requiring remand for resentencing unless the State can demonstrate harmless error (that the sentence would not have been affected by the presence of the invalid reason for departure). However, neither section 921.001, Florida Statutes, nor Florida Rule of Criminal Procedure 3.701 requires such a construction.

To paraphrase Hall, construing Bass:
An appellate court decision construing a statute defining the sentence that can lawfully be imposed does not establish what the statute actually means and, in this sense, what the law actually is, but only what the law may be until actually approved or clarified by the legislature which enacted the statute. Once clarified by the legislature, the statute must be given that meaning from its inception, not only in cases currently on appeal, but also in those cases which have already become final after appeal.
The requirement of Rule 3.701 that a departure sentence be supported by "clear and convincing reasons to warrant aggravating or mitigating the sentence" has also been clarified by the statutory amendment to mean "circumstances or factors which reasonably justify the aggravation or mitigation of the sentence." The supreme court's requirement in Mischler that reasons for departure be supported by facts which are credible and proven beyond a reasonable doubt, which is not mandated by the language of either the statute or the rule, has also apparently been rejected by the legislature, which has clarified its intent that the facts supporting departure be proven by a preponderance of the evidence.
[21] In Dobbert, the trial judge could, under the new procedure, overrule the jury's recommendation and impose the death penalty. The court found that ex post facto concerns were satisfied because the statute in effect when the murders were committed warned Dobbert of the penalty prescribed. By contrast, the law in effect when Miller acted did not warn him of the greater presumptive sentence prescribed for his crime by the amended guidelines.
[1] The latter course of action is to be avoided, if at all possible, because of the abject confusion and extensive litigation that usually follows in its wake. This is more than amply illustrated by the extensive litigation ensuing from the court's decision in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla. 1985), to recede from the majority decision in Battilla v. Allis Chalmers Mfg. Co., 392 So.2d 874 (Fla. 1980) (holding unconstitutional the statute of repose in section 95.031(2), Florida Statutes), based on an apparent change of mind expressed in the court's newly found agreement with the dissent in Battilla, and the court's subsequent decision to give retrospective effect to its decision in Pullum but prospective effect to the legislature's 1983 amendment to that section abolishing that statute of repose. See, e.g., Mathis v. Foote Steel Corp., 515 So.2d 983 (Fla. 1987); Keyes v. Fulton Manufacturing Corp., 515 So.2d 979 (Fla. 1987); Lane v. Koehring Co., 515 So.2d 981 (Fla. 1987); Lazo v. Baring Industries, Inc., 515 So.2d 980 (Fla. 1987); Purty v. McDonnell Douglas Corp., 515 So.2d 983 (Fla. 1987); Manuel v. Eig Cutlery, Inc., 515 So.2d 980 (Fla. 1987); Shaw v. General Motors Corp., 518 So.2d 900 (Fla. 1987; Allen v. A.M.F., Inc., 515 So.2d 982 (Fla. 1987); Brackenridge v. Ametek, Inc., 517 So.2d 667 (Fla. 1987); Wallis v. The Grumman Corp., 515 So.2d 1276 (Fla. 1987); Clausell v. Hobart Corp., 515 So.2d 1275 (Fla. 1987); Melendez v. Dreis and Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987); just to cite a few of the many cases that litigated the resulting questions at all levels of the court system.
[2] See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).
[3] I do not view the requirement in the 1987 amendment, that the departure sentence shall be upheld when at least one of several reasons is found to be valid, as falling in the same category of legislative regulation of appellate review as is the circumscription on appellate review of the extent of departure made by the 1986 amendment involved in Booker v. State, 514 So.2d 1079 (Fla. 1987). The notion that the number and severity of valid reasons for departure is not an integral element determining the length or extent of a departure sentence defies logic and reason and suggests that the length of the departure sentence may be completely arbitrary. This direction to the courts in the 1987 amendment does not necessarily fit into the characterization quoted from Booker by the majority opinion as going "to the wisdom of the amendment and not to its constitutionality." Id. at 1082.
[1] At the time rehearing en banc was ordered several unreleased decisions of the court had reached a result inconsistent with the panel decision on this issue.
[2] The state's supplemental brief recites at page 6:

If the trial court intends to depart from the guidelines in the sentencing process it will certainly do so even though the Albritton decision, as a practical matter, requires reversal and remand only to have the trial court go through the motions of assuring the reviewing court that it really did want to impose a departure sentence. The new statute eliminates this unnecessary ping ponging.
[3] Section 4 of chapter 87-110 recites: "This act shall take effect July 1, 1987, or upon becoming a law, whichever occurs later." The act was approved by the Governor June 30, 1987.
[4] In general, statutes are to be applied prospectively unless their terms clearly and unequivocally show legislative intent that they be applied retroactively. Fleeman v. Case, 342 So.2d 815 (Fla. 1976); Seitz v. Duval County School Board, 366 So.2d 119 (Fla. 1st DCA), cert. denied, 375 So.2d 911 (Fla. 1979); Lewis v. Creative Developers, Ltd., 350 So.2d 828 (Fla. 1st DCA 1977).
[5] I note that the supreme court has issued a substituted opinion on rehearing in Bass v. State, 530 So.2d 282 (Fla. 1988) (the original opinion in Bass was discussed in Hall v. State, cited in the panel majority opinion). I do not view this development as affecting the analysis in the panel majority opinion.
[6] Section 2 of chapter 87-110 also adds the following provision to section 921.001(5), Florida Statutes: "The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence." In State v. Mischler, 488 So.2d 523, 525 (Fla. 1986), the court had held that the "clear and convincing" reasons for departure to which Florida Rule of Criminal Procedure 3.701(d)(11) refers required "that the facts supporting the reasons be credible and proven beyond a reasonable doubt."
[7] In Hoyte v. State, 518 So.2d 975, 976 (Fla. 2d DCA 1988), the Second District Court of Appeal stated in a footnote, without explanation, "We need not consider the effect of section 921.001(5) as amended by chapter 87-110, section 2, since the crime involved in this case was committed prior to July 1, 1987."

In State v. Mesa, 520 So.2d 328, 329 (Fla. 3d DCA 1988), the court acknowledged that its remand under Albritton was contrary to Felts, but agreed with the dissenting opinion in that case that the amendment in question was a "substantive change in the law." It noted that in Hoyte the court had concluded that the amendment was inapplicable retroactively, and stated that in so deciding, "the court apparently considered the amendment procedural in nature." Id. Later, the Third District Court of Appeal attempted to explain its rationale in McGriff v. State (see the discussion in the text).
In Abt v. State, 528 So.2d 112, 114-15 (Fla. 4th DCA 1988), the Fourth District Court of Appeal agreed with this court's original panel opinion in Felts, holding that chapter 87-110 "clearly abrogates Albritton," and interpreted the amendment "as having only a procedural effect on the law." There followed numerous appellate decisions citing these opinions and certifying the question to the Florida Supreme Court.
In Krebs v. State, 534 So.2d 1236 88160062 (Fla. 5th DCA 1988), the Fifth District Court of Appeal held that the amendment in question did not apply retroactively because "The sentencing guidelines affect substantive rights of a defendant, and cannot be applied ex post facto," citing Miller v. Florida.
[8] In Shull, the departure sentence was based upon only one reason, the appellant's habitual offender status, which was subsequently found to be invalid.