NIMMONS, Judge.
This is an appeal from an upward departure from the sentencing guidelines. Appellant asserts that the legislative amendments to Section 921.005, Florida Statutes, adopted by Chapter 87-110, section 2, Laws of Florida, which amendments (1) mandate affirmance of departure sentences based on only one sufficient departure reason notwithstanding the presence of other insufficient reasons; and (2) change the standard of proof to a preponderance of evidence in establishing departure reasons, violate the principle of separation of powers by legislating upon matters of practice and procedure contrary to Article V, Section 2, Florida Constitution.[1] The question, therefore, is whether the changes wrought by Chapter 87-110 are substantive in nature and, therefore, properly within the legislature’s authority. See Benyard v. Wainwright, 322 So.2d 473 (Fla.1975).[2]
In State v. Garcia, 229 So.2d 236, 238 (Fla.1969), the Supreme Court stated:
As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished.
In finding that the issue of imposition of concurrent and consecutive sentences was *92 one of substantive law, the Court stated in Benyard:
Substantive law prescribes the duties and rights under our system of government.
* * * * * *
An argument can be made that the manner of the imposition of the sentence is procedural; however, it is our opinion that whether a sentence is consecutive or concurrent directly affects the length of time spent in prison and, therefore, rights are involved, not procedure.
322 So.2d at 475. In Smith v. State, 537 So.2d 982 (Fla.1989), the Court stated:
In the final analysis, we are compelled to conclude that the sentencing guidelines, insofar as they limit the length of sentences to be imposed, are substantive in nature.[2] Indeed, the legislature itself has acknowledged as much in the first sentence of section 921.001(1) Florida Statutes (1987), which says:
The provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature.
[2] We do not hold that rules 3.700 [sic] and 3.988 in their entirety consist of substantive law. There are certain portions thereof which appear to be procedural in nature and, therefore, properly within the subject of this Court’s rulemaking authority. However, the formulation of the grid schedules and the recommended range for sentencing is clearly substantive law.
Id. at 986.
In Booker v. State, 514 So.2d 1079 (Fla. 1987), the Supreme Court rejected a separation of powers challenge to chapter 86-273, which amended Section 921.001(5) to provide that the extent of a departure was not subject to appellate review. The Court stated:
We find from our prior holdings that there is no inherent judicial power of appellate review over sentencing which would render chapter 86-273 violative of the separation of powers provisions of article II, section 3. Indeed, it clearly appears that both this Court and the United States Supreme Court have embraced the notion that so long as the sentence imposed is within the maximum limit set by the legislature, an appellate court is without power to review the sentence. In effect, this rule recognizes that setting forth the range within which a defendant may be sentenced is a matter of substantive law, properly within the legislative domain.
Id. at 1082.
Accordingly, we find that the definition of what constitutes a valid departure sentence, involving as it does limitations upon the application of criminal penalties, is clearly a matter of substantive law subject to amendment by the legislature.
Furthermore, appellant’s contention is inconsistent with State v. McGriff, 537 So.2d 107 (Fla.1989) and Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1989) (en banc), in which the Supreme Court and this court implicitly held that chapter 87-110 is substantive for ex post facto purposes[3]. In Felts, we said:
By changing the standard for eviden-tiary proof of facts supporting departure to a preponderance of the evidence standard, and by lessening the appellate review standard from that of presumptive invalidity to conclusive correctness, the statutory amendment has significantly disadvantaged the defendant in respect to the length and imposition of a departure sentence.
537 So.2d at 1006.
We, therefore, reject appellant’s assertion that the subject legislative amendments were violative of the separation of powers principle.
Appellant’s contention that Chapter 87-110 deprives him of meaningful access to the courts in violation of Article I, Section 21, Florida Constitution[4] is also meritless.
*93 Finally, we have considered appellant’s argument that none of the stated reasons for departure is valid. We find that the trial court relied upon at least one valid ground for departure.
AFFIRMED.
BARFIELD and MINER, JJ., concur.

. Article V, Section 2(a) provides in part that ”[t]he supreme court shall adopt rules for the practice and procedure in all courts ...”

. Appellant’s offenses occurred after July 1, 1987, the effective date of Chapter 87-110.

. While Felts addressed both of the statutory changes at issue in this case, McGriff addressed only the provision stating that the departure shall be upheld if one valid reason is stated.

. Article I, Section 21 provides:
*93 The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.